GEORGE S. FRENCH *versus* GEORGE W. STANLEY.

As a general rule, if property be attached, and it turns out not to have been the property of the debtor, at the time of the attachment, the officer making it is exonerated from his liability to have it forthcoming on the execution.

Whether this should extend to a case in which the officer, of his own mere motion, had knowingly attached property not belonging to the debtor, may possibly be questioned. But however that may be, it is incumbent on the officer to show, that the property actually attached was the property of one other than the debtor.

If there be an actual attachment, and it is immediately abandoned, it becomes a nullity, and must be considered the same as if none had been made; and therefore a return, in such case, that one had been made, would be in substance a false return.

Where there is no other evidence of the value of the property attached, in an action against an officer for refusing to deliver the property to be taken on the execution, than what is contained in his return of the attachment, that must be deemed to have been its true value.

If the officer sets up in defence, that the property attached was not the property of the debtor, and the evidence fails to show that the property returned as attached did not belong to the debtor, although it might induce the jury to believe that no property was in fact attached, when the officer returned that there was; proof of the insolvency of the debtor will not reduce the amount of damages to be recovered.

If an instruction of a District Judge be not perfectly correct, but the finding of the jury, upon a view of the whole case, as then presented to them, was correct, the party against whom such finding was, cannot be considered, in the language of the statute authorizing exceptions, as a party aggrieved; and exceptions, in such case, would not be sustainable.

That a District Judge refuses to order a nonsuit, on a trial, on account of the insufficiency of the plaintiff's evidence to maintain his suit, affords no ground of exception, it being merely a matter of discretion.

EXCEPTIONS from the Eastern District Court, ALLEN J. presiding.

Case against the defendant, then sheriff of the County of Kennebec, for the default of Francis Davis, Jr. one of his deputies.

The facts in the case are stated in the opinion of the Court. The officer's return on the writ follows. "Kennebec, ss. May 8, 1837. I attached one horse of the defendant of the value of one hundred and fifty dollars, also all the right, title, and

interest he has in all real estate in the County of Kennebec, and gave him a summons in hand." The ruling of the District Judge is also stated in the opinion of this Court. The verdict was for the plaintiff for the full amount of the judgment remaining unsatisfied, and the defendant filed exceptions.

*S. W. Robinson* argued for the defendant, contending that the plaintiff could not recover on the first count, or at most only nominal damages for not returning the execution. And in regard to that, it was incumbent on the plaintiff to show, that it had not been returned. *Varrill* v. *Heald*, 2 Greenl. 91.

On the second count, the plaintiff was bound to prove that the execution was in the hands of the officer within thirty days from the rendition of judgment. If received by him afterwards, though within the life of the execution, he could not be liable any further, than he would have been on the first count.

The evidence offered by the plaintiff to show that no actual attachment was made on the writ, ought not to have been admitted. That evidence was to prove a different default from the one charged, and would expressly contradict the declaration. *Doane* v. *Badger*, 12 Mass. R. 69. Such evidence could only have been admissible in an action for a false return, in which the plaintiff could recover no more than the damage actually sustained. *Weld* v. *Bartlett*, 10 Mass. R. 470 ; *Norton* v. *Valentine*, 15 Maine R. 36.

The Judge erred in his instructions as to the true measure of damages. The jury should have been instructed to assess the damages actually sustained by the plaintiff. *Varrill* v. *Heald*, 2 Greenl. 91 ; *Hodgdon* v. *Wilkins*, 7 Greenl. 113 ; *Nye* v. *Smith*, 11 Mass. R. 188 ; *Phillips* v. *Bridge*, ib. 242 ; *Rice* v. *Hosmer*, 12 Mass. R. 127 ; *Shackford* v. *Goodwin*, 13 Mass. R. 187 ; *Burrill* v. *Lithgow*, 2 Mass. R. 526 ; *Colby* v. *Sampson*, 5 Mass. R. 310 ; *Dearborn* v. *Dearborn*, 15 Mass. R. 316. The admission made by the gentleman, who conducted the trial, who is not the counsel now employed, especially as it was retracted before the trial closed, would not justify the instruction. *Hodgdon* v. *Wilkins*, 7 Greenl. 113.

In any view of it, it should not be extended further than to recover nominal damages.

*Moody* argued for the plaintiff, and admitted, that the plaintiff could not recover on the first count, for want of proof that the execution was not returned. The exceptions do not show, whether there was or was not proof on the subject. The only questions presented are upon the rulings and instructions of the Judge.

The refusal to order a nonsuit was clearly right. It was a question of fact for the jury, and was properly submitted to their decision.

The testimony objected to was rightly admitted. It did not go to prove a different default from that charged, nor did it contradict the declaration. It was introduced merely to rebut the testimony offered by the defendant.

The Judge's ruling was right on the question of damages, and of the effect of the evidence of the debtor's insolvency. The error was in admitting the evidence, of which the defendant cannot complain. To admit the evidence was to allow the sheriff to contradict his return, and to instruct the jury, if they found certain facts, to disregard it, could not be wrong. *Purrington* v. *Loring*, 7 Mass. R. 392; *Weld* v. *Bartlett*, 10 Mass. R. 470; *Simmons* v. *Bradford*, 15 Mass. R. 82; *Stinson* v. *Snow*, 1 Fairf. 262; *Clark* v. *Lyman*, 10 Pick. 47; *Boynton* v. *Willard*, ib. 169.

If the defendant's principle is right, the actual damage was the value of the horse attached, and the officer values it in his return at one hundred and fifty dollars, all the jury found.

There was no evidence that the officer attached any particular horse. He wholly failed to show that the horse attached belonged to another, and so the jury found.

No reliance is placed on the admission of the gentleman's associate, but that the law is clearly as he admitted it to be.

The opinion of the Court was drawn up by

WHITMAN C. J. — This case comes before us upon exceptions taken to the instructions and rulings of the Judge in the

District Court. The action is against the defendant, as late sheriff of Kennebec, for the misfeasance of his deputy, Davis. The plaintiff's declaration contains two counts. As to the misfeasance alleged in the first no evidence appears to have been offered. In the second the deputy is alleged, on an original writ of attachment, in favor of the plaintiff, and against one Barker, to have attached a horse of the value of $150,00, as the property of the debtor; and not to have kept it so that it could be taken on execution, thereafter issued on a judgment duly recovered by the plaintiff in the same suit, although it was seasonably placed in the hands of the same deputy for the purpose.

The evidence of the attachment consisted of the return thereof, made by the deputy on the writ of attachment. That return it was not competent to the defendant to contradict. It must therefore be taken and deemed to be true. The defendant, however, attempted to prove, that the horse, so attached, was a certain mare, called the Stimson mare, and that she was not the property of the debtor. By a series of decisions in our Courts it has been settled, that, if property be attached, and it turns out not to have been the property of the debtor, at the time of the attachment, the officer making it shall be exonerated from his liability to have it forthcoming on execution. Whether this would or should extend to a case in which the officer, of his own mere motion, had knowingly attached property not belonging to the debtor, as the evidence in the defence, in this case tended to show was done by the deputy, may possibly be questionable. However that may be, it was incumbent on the defendant to show, that the Stimson mare was the horse actually attached by his deputy, as well as that she was the property of some one other than Barker. The evidence upon this point was derived from the deputy himself, who had probably been released by the defendant, although the case does not show it. But his testimony does not show that he actually attached the mare. He only says, that he got into the wagon, in which the mare was harnessed, and told Barker that he attached her as his property, and he thinks

Barker and he rode down the street together in the wagon at the same time. No other act of possession, on his part, took place. He left the mare as he found her in Barker's possession with a promise, as he says, on the part of Barker, to get a receiptor for her. This cannot be regarded as proving an attachment of the mare. It does not appear, that she had been under his control for a moment; and if it could be considered that he had an instantaneous possession, it was as instantaneously abandoned. If there had been an actual attachment, and it was immediately abandoned, it became a nullity, and must be considered the same as if none had been made; and therefore a return, in such case, that one had been made, would be in substance a false return. Hence the proof, that the mare was the horse attached, is not made out, and fails to support that part of the defence.

The case then stands upon the evidence of the deputy's return upon the writ, as to the horse thereon attached, which must be taken to be other than the one attempted to be proved to have been attached, there appearing to have been no attachment of that horse; and as there was no other evidence of the value of the horse, which must be supposed to have been actually attached, than what is contained in the return itself, that must be deemed to have been its true value. The direction, therefore, of the Judge to the jury, was correct as to the right of the plaintiff to recover, in this action, the amount due on his execution, if any thing, it being short of the ascertained value of the horse attached.

The instructions of the Judge are excepted to on another ground. He charged the jury that, if they were satisfied, from all the evidence, that Davis made no attachment on the writ, and his return thereon was merely nominal, the defendant was precluded from showing Barker's utter insolvency in defence, in order to make it appear, that the damage to the plaintiff was merely nominal. This instruction may not have been perfectly correct; especially as there is no count in the plaintiff's writ for a false return on the writ against Barker. If, however, the finding of the jury, upon a view of the

whole case, as then presented to them, was correct, the defendant cannot be considered, in the language of the statute authorizing the filing of exceptions, as a party aggrieved; and exceptions in such case would not be sustainable. *Hathaway* v. *Crosby & al.* 17 Maine R. 448; *Camden Rail Road* v. *Belknap*, 21 Wend. 354. Now, if there be in the case no other ground of exception than this, we cannot doubt, upon a careful examination of the evidence, but that the verdict of the jury was correctly found, and that, thereupon, none other could legally have been returned.

A Judge in giving his reasons for an opinion may often err; but if in substance a right direction is given to the cause no exceptions thereto should be sustained. Had the Judge said to the jury, that, as the evidence failed as to the Stimson mare's being the horse attached, although they might apprehend no horse was in fact attached, yet, as Davis returned, that there was, and his return is conclusive of the fact, they would find for the plaintiff, the amount due on his execution, that being short of the value of the horse as stated in the return; and in such case the insolvency of Barker was out of the question; no complaint could have been justly made against it. How does the charge delivered differ in effect from that? The jury found in the one case, as they would have done in the other. Should these exceptions be sustained, the effect will be, that a new trial must be granted. Now when we see, in the case itself, that substantial justice has been done by the verdict, and that it could not have been legally rendered otherwise than it was, it seems to be preposterous that a new trial should be granted. *Brazier & al.* v. *Clap*, 5 Mass. R. 1; *Jones & al.* v. *Fales*, ib. 101; *Farrar & al.* v. *Merrill*, 1 Greenl. 17; *Kelley* v. *Merrill*, 14 Maine R. 228; *Jewett* v. *Lincoln*, ib. 116; *Buddington* v. *Shearer & al.* 22 Pick. 427; *Thorndike* v. *Boston*, 1 Metc. 242; *Weeks* v. *Clutterbuck*, 2 Bing. 483.

There is still another ground of exception relied upon. It is, that the Judge should have nonsuited the plaintiff, because it was not proved in the first instance, directly, that the exe-

cution reached Davis within thirty days, after the rendition of the judgment against Barker. The evidence to this point first introduced, and relied upon by the plaintiff, was, that the attorney of the plaintiff, a few days after the judgment, enclosed the execution to Davis, and put it into the mail, directed to him at Augusta, his place of residence and business, in season to have reached him, according to the course of the mail, before the expiration of the thirty days. From these facts the plaintiff insisted that the jury would be authorized to presume, that it must have reached him in due season. The Judge declined to order the plaintiff to be called. This afforded no ground for an exception to be taken. It was purely a matter of discretion with the Judge, whether to take or decline to take that course. In Massachusetts, and in England, it has been held, that a nonsuit cannot be ordered in the course of a trial to the jury, but upon the express or tacit consent of the plaintiff. *Watkins* v. *Tower*, 2 D. & E. 280 ; *Mitchell* v. *New Eng. Ins. Co.* 6 Pick. 117. In this State it has been held otherwise, in *Perley* v. *Little*, 3 Greenl. 97, and in subsequent cases.

The deposition of Davis, introduced by the defendant, shows that the execution was in Davis' hands; and, if it had not reached him within the thirty days, the defendant could not have failed to have drawn that fact from him. The whole evidence to this point was properly left to the jury; and it cannot be questioned, but that the evidence should have been, and was, to their entire satisfaction upon the point.

Exceptions overruled and

Judgment on the verdict.