## WEST v. MESERVE.

A party, holding a note as indorsee, may, by leave of court, convert a blank indorsement into a special one to himself, by writing the necessary words of transfer, while an action upon the note is on trial, and even on the hearing of the case on error. Leave is granted as a matter of course.

When a sheriff has attached property upon a writ, he cannot, in an action against him for a neglect of duty, in relation to the property, deny the validity of the judgment which the plaintiff has recovered.

In an action against a sheriff for neglect to remove property attached upon a writ, it is a good defence that the property belonged to a third person.

A sheriff is not under an absolute duty to the plaintiff to retain the possession of property attached by him ; and, in the absence of proof of damage, by reason of his failure so to do, no action can be maintained against him.

CASE against the defendant, as sheriff of the county, for the malfeasance of his deputy, Leonard Johnson.

It appeared in evidence that on the 31st of March, 1843, the plaintiff commenced a suit against H. N. Cone,

and delivered the writ to Johnson, who served it, and returned that he had attached two horses, two cows, and six sheep, as the property of Cone; that judgment was duly recovered, &c.

The action was founded upon a note payable to S. W. Cooper, or order, and indorsed in blank. Execution was issued upon the judgment and placed in the hands of B. H. Chadbourne, another deputy of the defendant, who duly demanded the property of Johnson. It appeared also that no receiptor was taken for the property, at the time of attachment, and that it was not removed from the possession of Cone. Johnson requested Chadbourne to find the property, and do the best he could with the execution. Chadbourne levied upon and sold the horses for a very small sum, but did not levy upon the cows and sheep, they being claimed by third persons.

The plaintiff abandoned his claim to one of the cows, and the defendant introduced evidence tending to show that the other cow and the sheep were not the property of Cone at the time of the attachment.

The defendant excepted to the sufficiency of the plaintiff's judgment, because it was founded upon a note not specially indorsed to the plaintiff, but only in blank; there being no other evidence of the existence of the debt or the validity of the note. The court overruled the exception, and charged the jury that if they believed the plaintiff's evidence, he was entitled to recover nominal damages; that he was also entitled to recover the value of the cows and sheep, if they were satisfied that they were the property of Cone at the time of the attachment; but if they were satisfied that they did not belong to Cone at that time, their verdict should be for nominal damages only.

The jury returned a verdict for the plaintiff for one cent damages.

*Wells*, for the defendant, cited 4 Mass. 498, *Fuller* v.

---

West v. Meserve.

*Holden;* 12 Mass. 164, *Tyler* v. *Ulmer;* 19 Me. 49, *Sawyer* v. *Mason;* 11 N. H. 562, *Barron* v. *Cobleigh.*

*Heywood,* for the plaintiff, cited 8 N. H. 382, *Webster* v. *Quimby;* 16 Mass. 294, *Rich* v. *Bell;* 16 Pick. 64, *Laflin* v. *Willard;* 15 Vt. 741, *Bell* v. *Roberts;* 5 N. H. 433, *Runlett* v. *Bell;* 11 N. H. 493, *Richards* v. *Gilmore.*

PARKER, C. J.   The objection, that the note on which the plaintiff recovered judgment was only indorsed in blank, cannot avail the defendant.   If the defendant in that suit had taken the objection on the trial, the court would have permitted the plaintiff to write out the words of transfer; and if the defendant in that action had brought error, for the reason that the note was not indorsed, the court, on the hearing in error, would have permitted the defect to be remedied in the same manner. It is a matter of course, if no reason is offered against it, to allow the insertion of the formal words of indorsement.   12 Mod. 193, *Clark* v. *Pigot;* 11 Pick. 316, *Ellsworth* v. *Brewer.*   Furthermore, this defendant cannot go behind the judgment in that case.   That stands as plenary evidence of the existence of the debt, so long as it is not reversed, whether the note was indorsed or not.   Although this defendant is not a party to that judgment, he is, as it were, in privity with that suit, for the purpose of this action.   He acted under the command of the writ in making the attachment, and became thereupon responsible for such of the goods as were lawfully attached, to be applied upon the judgment which the plaintiff should recover; and he is not entitled to contest the judgment for the purpose of relieving himself from this responsibility.   He is not asserting a title in himself to the subject matter of the writ, which a stranger to the action may do, but he is attempting to relieve himself from a responsibility to one of the parties by contesting a

matter with which he has no concern. If the execution had been delivered to him for service, he could not have declined to perform that duty, because the note on which the action was founded was not indorsed.

As to the cows and sheep, it is sufficient for the defendant that they were not the property of the judgment debtor. 16 Pick. 556, *Canada* v. *Southwick*, and authorities there cited; 21 Me. 512, *French* v. *Stanley*. If he had driven them away, he would have been answerable in trespass to the party who had the title. The command of the writ did not require him to attach them, if they were not the property of the debtor. Having done so under a misapprehenson, it was competent for him to surrender them. If they had been the property of the debtor, however, they, like the horses, remained in his possession, and might have been taken on the execution.

The only doubt in the case is, whether the defendant, by leaving the property which had been attached, and which actually belonged to the debtor, in his possession without taking a receiptor, renders him liable to an action. There is no evidence to show that the plaintiff sustained any actual damage by the act of the defendant, in thus leaving the property in the possession of the debtor. It continued in his possession up to the time of the judgment, open to the levy of the execution, on which it was in fact taken and sold.

It may be inferred that the plaintiff was actually benefitted by the course taken; for if the defendant had removed the property from the possession of the debtor, the expense of keeping it, between the time of the attachment and that of the judgment, must have been deducted from the proceeds of the sale. It does not appear that any receiptor was tendered, or could have been procured.

Still, if the defendant owed an absolute duty to the plaintiff, and has violated that duty, he is liable to an action, and to the recovery of at least nominal damages.

Having attached the property, was the defendant under an obligation to the plaintiff to remove it for safe keeping, under an absolute duty which was violated the moment he departed, leaving the property still in the possession of the debtor?

We were at first inclined to the opinion that the duty of the defendant required the removal of the property, forthwith, if a receiptor was not procured. It is said, in a multitude of cases, that it is the duty of the sheriff to remove and secure the property attached; but that is said with reference to its security against the acts of the debtor, of other creditors, and, in fact, of wrong-doers. If he does not remove it, he takes the risk of loss by his omission. But has the plaintiff been injured, or a duty to him neglected, if the property is forthcoming when wanted, for sale upon the execution? If the debtor tenders a responsible receiptor, the sheriff is bound to accept him, and cannot lawfully remove the property. The plaintiff could then have but the responsibility of the receiptor. If a deputy sheriff permits the property to remain without removal, the plaintiff has not only the responsibility of the deputy himself, but the responsibility of the sheriff, and of his bondsmen also, that the property shall be forthcoming to satisfy his execution; and he is in the mean time relieved from the expense of keeping, which would be chargeable upon the property if actually removed, and held for the satisfaction of the debt. Under such circumstances, the duty of removal is one which the officer owes to himself, his bondsmen, and to the sheriff and his bondsmen, rather than an absolute duty to the creditor. Having attached the property, he owes a duty to the creditor to have it forthcoming for seizure upon the execution.

We may test the principle in another mode. If the defendant in this case owed a duty to the plaintiff to remove the property from the custody of the debtor, that duty

West v. Meserve.

was violated, as we have said, when he departed, leaving it in the debtor's custody, and of course the plaintiff might have commenced his action immediately, and have recovered nominal damages at least. Could the plaintiff have maintained an action at that time? We are not aware of any case sustaining such an action, and in the absence of authority are of opinion that it would not lie. The duty of removal was not an absolute duty to the creditor.

*Verdict set aside.*