# ROBERT FORGY, JR., v. SAMUEL McWILLIAMS.

ERROR TO THE COURT OF COMMON PLEAS OF MIFFLIN COUNTY.

Argued May 28, 1889—Decided June 28, 1889.

An agreement signed by two persons, that "if the guardian, W., shall buy in certain real estate . . . . . we, the subscribers, hereby agree and bind ourselves to bear equal shares of the loss (with his two wards), which may be sustained by the property bringing less than the face of the mortgage and its interest;"—is a joint undertaking between the subscribers and W.: as to the guardian, the subscribers are sureties, and each undertakes to make him whole as to one half of the loss.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and MITCHELL, JJ.

No. 404 January Term 1889, Sup. Ct.; court below, No. 76 November Term 1886, C. P.

On October 27, 1886, Samuel McWilliams, guardian of James and Joseph Forgy, minor children of James Forgy, deceased, brought covenant against Robert Forgy, Jr., and David S. Forgy, also children of the decedent, but of full age. The defendants pleaded, covenants performed, absque hoc.

On April 19, 1888, by agreement of counsel the cause was submitted to the court without a jury, under the act of April 22, 1874, P. L. 109, and at the hearing the facts were shown to be as follows:

James Forgy died, leaving the four sons above mentioned. As part of the share of the minors in their father's estate, there was assigned to McWilliams, as guardian, a mortgage made by George Hanawalt to the father for $4,443.16. Subsequently, Hanawalt made an assignment for the benefit of creditors and his realty was sold on November 4, 1876. On the day of the sale, but prior thereto, McWilliams procured the following agreement from Robert Forgy, Jr., and David S. Forgy.

November 4, 1876.

If the guardian, Samuel McWilliams, shall buy in certain real estate to be sold this day as the property of George Hanawalt at his assignees' sale, we, the subscribers, hereby agree

and bind ourselves to bear equal shares of the loss (with his wards, J. and J. Forgy,) which may be sustained by the property bringing less than the face of the mortgage thereon and its interest, at any sale hereafter to be made by him, and we are to be benefited if it brings more; no sale to be forced within three years.

Witness our hands and seals. R. FORGY, JR. [SEAL.]
D. S. FORGY. [SEAL.]

McWilliams accordingly bought the property at the sale for $1, subject to the mortgage. On April 19, 1888, the property was re-sold at a loss of $3,519.20. McWilliams then brought this suit upon the above agreement to recover one half the loss, to wit: $1,759.60. David S. Forgy was not served. Robert admitted his liability for one fourth of the loss, and made tender thereof, which was refused.

The court, BUCHER, P. J., finding the foregoing facts, on January 1, 1889, filed the following opinion:

It must have been observed, from the statement of the facts found, that the solution of the question involved depends upon the construction to be given to the agreement entered into between the parties on November 4, 1876. The contention of the plaintiff is that by force of the agreement the defendant, Robert Forgy, Jr., is bound for the one half of $3,519.20, the whole loss, or $1,759.60, with interest from April 19, 1888, and not simply for the one fourth of the entire loss, to wit, $879.80, as defendant contends.

The agreement is in writing and its construction is for the court. The language employed is, "If the guardian, Samuel McWilliams, shall buy in certain real estate . . . . . we, the subscribers, hereby agree and bind ourselves to bear equal shares of the loss (with his wards, J. and J. Forgy,) which may be sustained by the property bringing less than the face of the mortgage thereon and its interest . . . . . and we are to be benefited if it brings more." This is a joint undertaking between the defendants and McWilliams. They agree with him that they will make up the loss to him, if he will buy; and, while the undertaking is several as between themselves, so that on a recovery against the one the other could

sue for compensation, yet as to the guardian they are sureties, and each undertakes to make him whole just as if they had given their joint note. The expression, to bear equal shares, defines the amount which is to be paid, and not the manner of the payment. It defines and ascertains the amount to be paid to the guardian, but does not fix and ascertain the amount to be paid between themselves. I cannot see how it can be pretended, in the face of the language of the agreement, that each of the defendants is only liable for the one fourth of the loss as to the guardian, McWilliams, for there is a promise which, while two make it, is yet the promise of each. The act of April 6, 1830, P. L. 277, cuts up the distinction between joint and several obligations: Lewis v. Williams, 6 Wh. 268; Moore v. Hepburn, 5 Pa. 402. It seems clear that either of the makers of the agreement is liable for the one half of the whole loss, and if the defendant here pays it all he can sue his fellow for contribution.

From the evidence we find that the defendant, Robert Forgy, Jr., is indebted to the plaintiff in the sum of $1,759.60, with interest from April 19, 1889.

Exceptions to this finding having been dismissed, judgment was entered for the plaintiff accordingly. Thereupon the defendant took this writ, alleging that the court erred in finding that the written agreement was a joint undertaking, and that under it defendant, Robert Forgy, Jr., was liable as surety to pay the share of his brother, David S. Forgy.

*Mr. Rufus C. Elder* (with him *Mr. Geo. W. Elder*), for the plaintiff in error.

*Mr. D. W. Woods* (with him *Mr. John A. McKee*), for the defendant in error.

PER CURIAM:

We affirm this judgment upon the opinion of the learned judge of the court below.

Judgment affirmed.