Upon the question of the insufficiency of the complaint, it is argued for the defendant that while the pleading would not be open to demurrer, if nonpayment of the note at maturity had simply been alleged without the additional allegation of a credit of payment of a certain sum, the allegation that the sum of $10,400.95 was paid on account thereof discloses matter of defense, and renders the complaint demurrable. The contention is that, since it is not alleged that the sum of $10,400.95 was not paid by the defendant, the complaint, adopting the rule of strict construction as to matter of substance, bears the interpretation that the payment was made to cover the item of $5,000, for which the defendant was chargeable. It is also contended that since but $20,000 of this note was secured, and the balance of $8,000 unsecured, the law would apply the payment of $10,000 upon the secured portion of the debt. The question of the application of payments as between the secured and unsecured portions of the note would not be particularly material, since, crediting the $10,000 upon the $20,000 of secured items, there would still remain a balance of $10,000, or nearly that sum, as to which some liability would attach upon the part of the guarantors whose guaranty had not been released by payment; and the actual question is, therefore, whether the credit of $10,400.95, as alleged in the complaint, is to be taken as importing a payment made by this particular guarantor, or for his account. The question might be a serious one but for the presence of the allegations of paragraph 6 of the complaint: "That by reason of the facts aforesaid, the defendant is justly and truly indebted to the plaintiff in the sum of five thousand dollars, * * * no part of which has been paid, though duly demanded." The allegation that no part of the sum of $5,000 has been paid is a distinct allegation of fact, and has sufficient relation to the statement, "by reason of the facts aforesaid, the defendant is justly and truly indebted to the plaintiff," to characterize the nonpayment as relating to the $5,000 guarantied by this defendant. Within the authorities, this allegation cannot be dismissed as a mere conclusion of law, and is operative to negative any presumption sought to be drawn from the allegation of the payment of the sum on account, that that payment was made by this defendant. See Allen v. Patterson, 7 N. Y. 476, 57 Am. Dec. 542.

For the reasons stated, the demurrer is overruled, with costs, with leave to plead over upon payment of costs within 20 days.

Demurrer overruled, with costs, with leave to plead over upon payment of costs within 20 days.

---

(109 App. Div. 553.)

DELAWARE COUNTY NAT. BANK v. KING.

(Supreme Court, Appellate Division, First Department. December 8, 1905.)

1. GUARANTY—JOINT OR SEVERAL—ACTIONS—PARTIES.
    Where defendant with others guarantied to plaintiff, each to a certain amount, the payment of a note, the guaranty was joint, and all were necessary parties to an action theron.

2. SAME—PLEADING—ALLEGATION OF BREACH.
    Where defendant with others guarantied, each to a certain amount, the payment of a note, an allegation in an action on the note of breach of

promise by the maker of the note was insufficient as against defendant, as his breach should have been specially pleaded.

3. PLEADING—ADMISSIONS BY DEMURRER.

An allegation in a complaint, which is a conclusion from other facts therein stated, is not admitted by demurrer.

Patterson, J., dissenting.

Appeal from Special Term, New York County.

Action by the Delaware County National Bank against David Bennett King. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, CLARKE, and HOUGHTON, JJ.

Clarence P. Moses, for appellant.
Franklin H. Mills, for respondent.

CLARKE, J.   The complaint alleges that the plaintiff is a foreign corporation, organized under the laws of the United States, and engaged in business as a national bank, and that the defendant is a resident of this state; that at the city of New York on the 17th day of July, 1903, the Southern Textile Company, a corporation, made and delivered to plaintiff its promissory note for $28,000, with interest at 6 per cent., payable to the order of plaintiff, at Chester, Pa., one year after date; that simultaneously with the execution and delivery of said note, and to induce the plaintiff to accept the same and to part with value therefor, the defendant and George E. Fisher, Ernest C. Brown, and Tracy W. Platt, for a valuable consideration, executed and delivered to the plaintiff an agreement in writing, whereby they guarantied to the plaintiff, each to the amount of $5,000, the payment of said note, with interest at maturity.   The complaint alleges presentment, nonpayment, and protest, and continues:

"(5) That the plaintiff is the true and lawful owner and holder of said note, and that the same has not been paid, either in whole or in part, excepting that there was paid on account thereof on October 27, 1904, the sum of $10,400.95.   (6) That by reason of the facts aforesaid, the defendant is justly and truly indebted to the plaintiff in the sum of $5,000, with interest thereon from July 17, 1904, no part of which has been paid, though duly demanded."

Defendant demurred upon the ground of defects of parties defendant, in that George Fisher, Ernest Brown, and Tracy W. Platt were not made parties defendant, and upon the ground that the complaint did not state facts sufficient to constitute a cause of action.   The demurrer was overruled, and the defendant appeals.

It seems to me that the guarantors entered into a joint agreement with the plaintiff, whereby they jointly guarantied the payment of the note at maturity; their obligation being that, if the note was not so paid, they would be liable therefor, each to the amount of $5,000.   If the note had been paid, with the exception of one sum of $5,000, a right of action would not have existed to have compelled any one of the guarantors to have paid this amount.   Each would have been liable only for his proportional share thereof.   The guaranty was joint, but the amount of liability was limited.   Where several persons execute an instrument upon the same consideration, at the same time,

and for the same purpose, and which takes effect from a single delivery, it is a joint promise. Promises of several persons are presumed to be joint and not several, unless a contrary intention is shown in the instrument. I am unable to spell out any such intention from the phrase, "each to the amount of $5,000." There is no difficulty with the rule of law. Parties may make a joint obligation, or a several obligation, or a joint and several obligation, as they will. It is the construction to be placed upon the peculiar words of the instrument itself which causes the difficulty. In Muzzy v. Whitney, 10 Johns. 226, it was held that an obligation was joint, although one half was to be taken from one obligor's share, and the other half from the share of two other obligors; the court saying: "This latter part of the memorandum was only a designated mode of distribution of the debt as between the defendants." In Alpaugh v. Wood, 53 N. J. Law, 638, 23 Atl. 261, the Court of Errors and Appeals of New Jersey said:

"The inference of a joint obligation is not defeated by the fact that it appears, either in the terms of the contract or from the circumstances of the transaction, that each promisor is to contribute separately to the entire result for which they bargain."

These guarantors chose to create a joint obligation, but wished to divide and limit the liability equally among themselves. That being so, they are all necessary parties defendant. "Where other parties are jointly liable upon a claim, they should all be made parties, so that the rights of all may be determined. At law a joint liability cannot be set off against a separate debt, or conversely, a separate debt against a joint debt." Spofford v. Rowan, 124 N. Y. 113, 26 N. E. 350. If this were a several obligation, the complaint would be bad. The defendant in that view would be liable only in case there was a breach of his specific agreement to pay $5,000 due by him. His breach must be pleaded, or a cause of action against him has not been set forth. Van Giesen v. Van Giesen, 10 N. Y. 316; Lent v. New York & M. R. Co., 130 N. Y. 504, 29 N. E. 988. The breach of the promise by the maker of the note is not sufficient. That was not defendant's breach. He may well have paid under his guaranty, or his obligation may have been otherwise extinguished. In this complaint payment of $10,400 is admitted. The whole complaint must be considered, including those allegations which tend to discharge the defendant. Calvo v. Davies, 73 N. Y. 218, 29 Am. Rep. 130. The receipt of the $10,400 unexplained does tend to discharge this defendant, because a payment on account must first be applied to such portion of a debt as is secured. Pond v. Harwood, 139 N. Y. 125, 34 N. E. 768. So non constat that defendants particular and several obligation was discharged.

The only obligation of breach is that contained in the sixth paragraph of the complaint quoted, supra. It begins: "That by reason of the facts aforesaid." An allegation which would be a statement of fact when standing alone, when thus qualified, becomes a mere conclusion of law. When an allegation contained in a complaint is a conclusion from the other facts therein stated, it is not to be deemed admitted by a demurrer. Masterson v. Townshend, 123 N. Y. 461, 25 N. E. 928, 10 L. R. A. 816; Burdick v. Chesebrough, 94 App. Div. 535,

88 N. Y. Supp. 13. Therefore, as matter of fact, no breach is pleaded.

The judgment should be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to amend on payment of costs in this court and in the court below.

All concur, except PATTERSON, J., who dissents.