National Bank of Phœnixville, Appellant, v. Buckwalter.

214    289
37SC   380

*Promissory notes—Joint makers—Limitation of liability—Joint action.*

The indorsee of a promissory note cannot maintain a joint action against the ten makers of the note, where the note on its face states that the liability of each of the makers is limited to one-tenth of the amount of the note.

Argued Feb. 5, 1906. Appeal, No. 242, Jan. T., 1905, by plaintiff, from order of C. P. Chester Co., Jan. T., 1905, No. 73, refusing to take off nonsuit in case of The National Bank of Phœnixville v. E. L. Buckwalter et al. Before MITCHELL, C. J., FELL, BROWN, ELKIN and STEWART, JJ. Affirmed.

Assumpsit on a promissory note. Before HEMPHILL, P. J.

At the trial the court entered a compulsory nonsuit. On a motion to take off the nonsuit HEMPHILL, P. J., filed the following opinion:

Upon the trial of this case a nonsuit was entered because of the misjoinder of the parties defendant. The obligation upon which suit was brought read as follows: .

" $3,500.                PHŒNIXVILLE, PA., January 11, 1902.

"Six months after date we promise to pay to the order of the Tuxedo Pottery Company of Phœnixville, Pa., at the National Bank of Phœnixville, thirty-five hundred dollars, without defalcation, value received.

"It is agreed and distinctly understood, that each of the undersigned is to be liable for only one-tenth of the above amount, viz: three hundred and fifty dollars ($350). This obligation is given as collateral security for notes discounted by said bank for said Pottery Company or any renewals thereof to an amount

not exceeding $3,500, and to remain in force as long as any of said notes are unpaid."

Then follow the signatures of E. L. Buckwalter and nine others, all of whom were sued jointly in this action.

The general rule of law is thus stated in 1 Parsons on Contracts, page 11 : " Whenever an obligation is undertaken by two or more or a right given to two or more, it is the general presumption of law that it is a joint obligation or right. Words of express joinder are not necessary for this purpose ; but, on the other hand, there should be words of severance, in order to produce a several responsibility or a several right."

So that had the writing terminated with the words, " value received," being the usual formal language of a promissory note, the presumption of law would have been that the obligation was joint. But when further on it expressly states that, " it is agreed and distinctly understood that each of the undersigned is to be liable for only one-tenth of the above amount " —$350—these are words of severance and make the responsibility of the signers several and not joint.

Consequently they could not be held liable in the present suit, as a verdict and judgment for the full amount, $3,500, against each and all, while the liability of each is distinctly stated to be but the one-tenth of that sum. Again, if this were a joint obligation and nine of the obligors should become insolvent, the remaining obligor would be responsible for the whole amount, which would be contrary to the agreement.

A case directly in point is Costigan v. Lunt, 104 Mass. 217, where Costigan agreed to build a boat for Lunt and Cummings for a certain sum, each to pay his one-half ; and it was held that the contract was not joint but several, the court saying : " His contract was to build a boat for them, and when finished it was to belong to them as tenants in common. But their promise to pay for it is several and not joint. It is true that they expressed themselves in the plural number and use the expression, ' we will pay,' in reference to the several installments that were to become payable at various stages and upon the final completion of the contract. But the terms of this promise must be considered as qualified by the stipulation that each of the defendants is to pay one-half of the entire price in installments. Taking the whole instrument together, it must be in-

terpreted as providing that each defendant shall pay one-half of each installment, as it becomes due, and no more. . . . It is very plain that no judgment could be rendered against the two jointly for any installment, without rendering them jointly and severally liable for the amount and making each to that extent a surety for the other, and for that reason the plaintiff is not entitled to such a judgment."

A careful consideration of the case and examination of the authorities has satisfied us that we were right in holding upon the trial that the liability of the defendants was several and not joint, and that consequently there could be no recovery against them in the present action.

We must therefore refuse to take off the nonsuit and dismiss the rule.

*Error assigned* was refusal to take off nonsuit.

*Wm. M. Hayes*, with him *I. N. Wynn*, for appellant.

*H. H. Gilkyson, Thomas W. Pierce* and *J. Frank E. Hause*, for appellees.

PER CURIAM, March 5, 1906 :
The judgment is affirmed on the opinion of the court below.