# Cambria Title, Savings & Trust Co., Appellant, *v.* Barron et al.

*Suretyship—Contribution—Joint or separate obligation—Trustee under corporate mortgage—Bondholders.*

1. Although solvent sureties or other coöbligors are liable to contribute inter se to the whole amount of the obligation assumed, this is not so where the parties to the contract have agreed otherwise to be liable "each" only pro rata in accordance with the holding of certain bonds of a corporation.

2. Where a corporation, a trustee of a corporate mortgage, holds bonds under the mortgage, and joins in an agreement by signing with other bondholders (some holding only a small amount of bonds) a request to itself to proceed as trustee to declare the entire indebtedness due, takes charge of the property, operates it and sells it, and then agrees that the costs, expenses and moneys paid out

by the trustee in such connection should be paid by the parties signing pro rata, including itself, the trustee thereby becomes a party to the agreement that the obligation should be borne pro rata, and that the respective parties might not be held jointly with respect to the trustee.

Argued March 19, 1928. Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

Appeal, No. 72, March T., 1928, by plaintiff, from judgment of C. P. Cambria Co., June T., 1927, No. 82, on statutory demurrer, in case of Cambria Title, Savings & Trust Co. v. W. H. Barron et al. Affirmed.

Assumpsit on contract in writing. Before EVANS, P. J.

The opinion of the Supreme Court states the facts.

Judgment for defendant on question of law raised by affidavit of defense. Plaintiff appealed.

*Error assigned* was judgment, quoting record.

*P. J. Little,* with him *Charles Hasson,* for appellant. —A covenant by two or more in an indemnity contract is joint unless otherwise declared to be several, or joint and several: Morrison v. Surety Co., 224 Pa. 41; Hascsak v. Leseinsky, 39 Pa. Superior Ct. 642; McCullis v. Thurston, 27 Vt. 596; Dolinski v. Bank, 122 S. W. 276; Forgy v. McWilliams, 127 Pa. 453; Pittsley v. King, 206 Pa. 193; Steigerwalt v. Rife, 9 Pa. Superior Ct. 363; Reber's Est., 15 Pa. Superior Ct. 122; Pomeroy v. Sterrett, 183 Pa. 17.

*Philip N. Shettig,* with him *William Williams, Edward J. Harkins, Evans & Evans, Leech & Leech* and *Jones & Griffith,* for appellees.—The undertakings of the persons signing the notices to the trustee were several, not joint and several, and were confined to the pro rata liability provided for: Nat. Bank of Phœnixville v. Buckwalter, 214 Pa. 289.

OPINION BY MR. JUSTICE SCHAFFER, April 16, 1928:

Cambria Title, Savings and Trust Company brought this suit in its individual capacity, not as trustee, to recover from defendants, jointly, the money which it had expended in the care and operation of a coal mine property, the expenditures having been made in pursuance of an agreement executed by defendants in which they covenanted to reimburse plaintiff for the outlays made. By statutory demurrers defendants questioned the right of plaintiff to maintain a joint action against them. The court below sustained the demurrers, with leave to plaintiff to file an amended statement making claim against each defendant for his pro rata share of the amount claimed upon the basis set forth in the contract and without prejudice to plaintiff's right to proceed against the defendants separately. From this disposition of the matter plaintiff appeals.

Appellant was trustee for the bondholders under a mortgage for $750,000 given to it by Navy Smokeless Coal Company, defendants were holders of a large number of the bonds, some as outright owners and others as collateral security. Appellant itself was the owner of $5,000 par value of them. Default having occurred on the mortgage, an agreement was entered into by defendants with plaintiff, which, stripped of provisions and language not necessary here to be used, recited that "The undersigned, all of whom are holders of bonds, in consideration of the mutual benefits to be derived, agree each with the others that each of the parties hereto will sign the notice of the several defaults and a request that the trustee take possession of the property; said notice and request to contain such covenants as may be required by the said trustee to fully protect and indemnify it in carrying out the taking-over of the operation and sale of the property and in the matter of the payment of any money or moneys necessary to be paid in order to protect the interests of the holders of the bonds who have signed this agreement, and become parties hereto, and

for every other act or acts done at the request of said bondholders or their respective representatives for their interests. *Any payments required to be made under this clause are to be paid by the parties hereto pro rata.* The parties hereto designate opposite their signatures whether they are the holders of the bonds held by them or whether the same are held as collateral. The holders of bonds as collateral shall be bound only for their pro rata share, based upon the amount of the debts secured by said bonds and not upon the amount of the bonds held." The agreement was signed by the holders of bonds ranging in amount from $200 to $22,500, each signer indicating the amount of his holdings opposite his signature. Plaintiff did not sign the agreement but did execute the notice provided for therein which stipulated "each of the undersigned covenants and agrees to protect, indemnify and save you harmless from all payments, losses and obligations incurred or sustained by you, by reason of the carrying out of the request herein contained in accordance with the provisions of the mortgage hereinabove referred to. *All payments required to be made under this clause are to be paid by the parties hereto pro rata, based on the amount of the obligations held by them respectively, irrespective of the amount of bonds held."*

Plaintiff claims that the defendants as signers of these papers were bound jointly and severally for the full amount of its expenditures. We agree with the court below that this position is not tenable under the terms of the writings. It was a party with defendants to the agreements to reimburse. As is well said by the learned president judge of the court below in his opinion: "When plaintiff joined in this agreement by signing with the other bondholders the request to itself to proceed as trustee to declare the entire indebtedness due, take charge of the property and operate it, and sell it, and then agreed the costs and expenses and moneys paid out by the trustee in this connection should be paid by

the parties signing the notice pro rata, including itself, it thereby, in our judgment, became a party to the agreement that the obligation should be borne pro rata and that the respective parties might not be held jointly with respect to the plaintiff."

The language of the contract, coupled with the circumstance that several of the defendants owned but a few hundred dollars worth of the bonds, convincingly shows that it could not have been intended that each of them, if the others defaulted, was to pay a sum in excess of $20,000. While it is true, as appellant argues, that solvent sureties or other coöbligors are liable to contribute inter se to the whole amount of the obligation assumed, this is not so where the parties to the contract have agreed otherwise, as here they have, to be liable "each" only pro rata in accordance with his holding of bonds: Williston on Contracts, vol. 1, section 323. It is obvious from the writings that each signer was to be liable in the proportion which his holdings bear to the entire amount represented by all signatures. The case is not ruled by Forgy v. McWilliams, 127 Pa. 453, cited and largely relied upon by appellant, but by National Bank of Phœnixville v. Buckwalter, 214 Pa. 289, where ten men signed a promissory note for $3,500, with an added agreement that each was to be liable for only one-tenth of the amount. It was there recognized that ordinarily whenever an obligation is undertaken by two or more, it is the general presumption of law that it is a joint obligation, but pointed out that where there are words of severance they must be given effect and make the responsibility only as it was stipulated to be. See also Williston on Contracts, vol. 1, p. 605 et seq. While it is true, as appellant says, that in that case the specific amount to be paid by each was set forth in the note and here there was no specific amount named, this can make no difference in principle. It could not be known in the pending case when the writings were signed what plaintiff's expenditures would be; moreover that is certain

which may be rendered certain, and defendants, by providing a pro rata liability based upon their respective holdings of bonds and specifying the amounts of their holdings, fixed a proportion and manifested an intent to create only a several liability as clearly as was shown in the Buckwalter Case.

The action here, as before stated, is not by plaintiff in its capacity as trustee but individually. It is really the case of a coindemnitor seeking contribution from its fellow indemnitors. If appellant were not trustee under the mortgage but merely a holder of bonds who had made expenditures for the benefit of other holders under the agreement, we think it would not even be pretended that it could hold the others in a joint liability.

The judgment is affirmed.