**ST. LOUIS UNION TRUST CO. v. STEPHENS et al.**

No. 9490.

Circuit Court of Appeals, Fifth Circuit.

Jan. 4, 1941.

Rehearing Denied March 8, 1941.

Van Zandt Smith, of Fort Worth, Tex., and Robert Burnett, Henry H. Stern, and B. L. Liberman, all of St. Louis, Mo., for appellant.

Rosser J. Coke, of Dallas, Tex., and Charles Kassel, Sidney L. Samuels, George Thompson, Jr., and Richard U. Simon, all of Fort Worth, Tex., for appellees.

Before FOSTER and SIBLEY, Circuit Judges, and DAWKINS, District Judge.

DAWKINS, District Judge.

Plaintiff sued some twenty-six defendants for the sum of $73,500 of principal and $7,300.50 as interest upon an alleged joint and several obligation of guaranty, basing federal jurisdiction upon diverse citizenship. The alleged liability grew out of a loan by the First National Company, a Missouri corporation, to the Young Men's Christian Association of Fort Worth, Texas, in the sum of $100,000. In order to give additional security for said loan, twenty-six individuals executed with the said company a written contract in which it was recited that the lender was willing to make the loan "upon condition that the undersigned (guarantors) execute this guaranty in the form hereof; otherwise, not"; that "in order to induce said * * * loan for itself * * * for the future holders * * * and for other good and valuable considerations * * * guarantors * * * do hereby, *jointly and severally* guarantee unconditionally * * * as * * * an express trust * * * the payment of all and singular the sums due and to become due on each and all of the said notes above described, both principal and interest, according to their respective tenor, purport and effect; provided, however, that no signer of this guaranty shall be liable for a greater amount of principal or of interest than the amounts respectively set opposite his signature * * *"; that "in event of default, then and thereupon, the obligation of the guarantor * * * by reason of this guaranty shall immediately become effective * * * and all principal and accrued or earned interest on all principal and interest notes then outstanding and unpaid *shall constitute and be a direct obligation of the guarantors and each of them,* payable upon demand to the St. Louis Union Trust Company, as Trustee, plaintiff * * *." (Italics by the writ-er.) $2,500 was put opposite each guarantor's signature.

The notes referred to in the guaranty agreement were twelve in number consisting of eleven for $4,000, each maturing every six months, beginning June 1, 1931, and running until June 1, 1936, and the last, or twelfth in the sum of $56,000, due December 1, 1936. Interest notes for varying amounts were likewise executed, maturing on the same dates and all were made and signed by the said Young Men's Christian Association. They were also secured by mortgages.

As stated, the plaintiff's action was against all of the twenty-six guarantors in the court below, the Young Men's Christian Association principal not being made party. Motions to dismiss for want of jurisdiction on behalf of all defendants were made based upon the proposition that none of their obligations exceeded $2,500, and hence, could not be lumped together to make up the required minimum of $3,000. These motions were first overruled, but later sustained by the lower court and the suit dismissed.

It is our view that this ruling was incorrect. Whether suing one or all of the guarantors, the plaintiff had to allege and prove the amount due under the default, which, according to the petition was a total of $80,500 principal and interest. The court likewise was compelled to adjudicate this issue, and to that extent and in that sense, the amount in controversy far exceeded its minimum jurisdiction. See Miller v. Bush, 119 Tex. 53, 24 S.W.2d 23; Delaware County National Bank v. King, 109 App. Div. 553, 95 N.Y.S. 956. Notwithstanding the limitation of maximum liability as to all defendants to $2,500 each, by the very terms of the guaranty, they bound themselves to that extent *jointly* and *severally* to pay all of the principal and interest of the notes so guaranteed. This meant, to illustrate, if there was a balance due, say of $25,000, and ten of the guarantors were able to respond to the full extent of their respective undertakings and the other sixteen were not or were insolvent, the ten who could pay would have to do so. See C. J. Vol. 28, Verbo Guaranty, § 84, p. 938; I. b. § 176, p. 1012. The plaintiff, to the maximum extent of their liability could recover against one or all at its option; but in so suing, it would again have to allege, prove and have adjudicated, as a con-

dition precedent to recovery, the amount of default by the principal debtor.

There was a single contract of guaranty which all of the defendants signed and became parties to, in which they all promised the same thing to the guarantee, and as to him, that obligation was indivisible, except as to the limitation upon his right to require payment by anyone of them of not more than $2,500. The subject matter of the suit was this contract. The whole amount due thereunder as well as the extent of liability of each defendant, had to be determined by the lower court, and, having jurisdiction in view of the amount involved in the principal demand, it could and should decide all the other issues. The judgment is reversed and the cause remanded for further proceedings according to law.