31454. ACE NEON CORPORATION *v.* GRIFFIN CONSTRUCTION COMPANY, *et al.*

DECIDED APRIL 25, 1947.

*Scott, Wiggins, Grizzard & Smith,* for plaintiff.

*Russell M. Striplin, Crenshaw, Hansell, Ware & Brandon,* for defendants.

MACINTYRE, P. J.   The plaintiff contends that the trial judge erred in instructing the jury in the following manner: "I instruct you, gentlemen, that if you find against the defendants in this case, you will find against all three of them, under the issues made here by the pleadings.   If you find in favor of the defendants, you will find in favor of all three of them.   There is no dispute or controversy or issue for you to determine as among the several defendants.   They have filed a joint answer, as I have stated to you."

The plaintiff contends that the above instruction in effect makes it incumbent upon the jury to find none of the three defendants liable if it is shown that one of the defendants is not liable, and that such instruction was reversible error.

The petition was brought against the Griffin Construction Company, the Palmer Electric Company, and the Henry Grady Hotel Company Inc., as defendants for the recovery of exactly the same items for materials furnished and work done on certain described real estate at exactly the same time for the same purpose, and the prayer of the plaintiff is "for a general judgment against the defendants" for the *single indebtedness* stated in the petition. The defendants filed a joint answer, denying any liability.

" 'The general rule of law is thus stated in 1 Parsons on Contracts, p. 11: "Whenever an obligation is undertaken by two or more, or a right given to two or more, it is the general presumption of law that it is a joint obligation or right. Words of express joinder are not necessary for this purpose; but, on the other hand, there should be words of severance, in order to produce a several responsibility or a several right." ' " National Bank of Phoenixville *v.* Buckwalter, 214 Pa. 289 (63 Atl. 689).

Here the plaintiff in his petition sues all three defendants and asks for a general judgment against the "defendants" for a single indebtedness. There are no words of severance alleged which sought to show a several responsibility, and no words alleged indicative of an intention to sever the total obligation into definite amounts to be borne by each obligor, nor is there anything in the subsequent progress of the proceedings to indicate that the plaintiff sought any other than a joint, general judgment against the defendants for a single indebtedness, or that the defendant contended that there was any issue other than the one that the plaintiff was entitled to a joint judgment or no judgment. Marine Trust Co. of Buffalo *v.* Richardson, 171 Misc. 556 (12 N. Y. Supp. 2d, 834); Delaware County Nat. Bank *v.* King, 109 App. Div. 553 (95 N. Y. Supp. 956); § 118 Restatement of the Law of Contracts, American Law Institute.

Since the primary issue in the case as presented to the jury was whether or not the plaintiff had received reasonable compensation for labor and material furnished to the defendants, we are of the opinion, under the pleadings and the evidence, that the portion of the charge now under consideration could be construed in only one way by the jury; that is, if the plaintiff had received the reasonable value of his labor and material, none of the defendants would be liable, but, on the other hand, if the plaintiff had not

received the reasonable value of his labor and material, all the defendants would be liable. In short, the trial judge instructed the jury that the plaintiff ,was entitled to the reasonable value of his labor and material furnished to the defendants, and that if the plaintiff had not received the reasonable value of his labor and material, he would be entitled to a verdict against all the defendants. We are of the opinion that the alleged errors in instructions to the jury are not cause for a new trial.

All other assignments of error have been carefully considered and have been found without merit.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*