31459. RADNEY *v.* LEVINE.

DECIDED MAY 2, 1947.

138

*Vance E. Marshall, Gowen, Conyers & Dickey,* for plaintiffs in error.

*A. A. Nathan, H. O. Farr,* and *G. B. Cowart,* contra.

MACINTYRE, P. J. █ Special ground one. Paragraph six of the petition as amended alleged that the defendants had no warrant for the arrest or apprehension of the petitioner, and that the petitioner had committed no crime in their presence. The defendants, in their answer, specifically denied paragraph six and further answered that the arrest in question was made for a crime committed in their presence at the time of the arrest. The court in charging the contentions of the parties stated in part: *"They* [the defendants] *allege and contend, gentlemen, that the arrest of the plaintiff on the occasion in question was with lawful warrant and authority and assert that at the time they made the arrest the plaintiff was committing a criminal offense in their presence, and that it was their duty, as law enforcement officers, to make such arrest and commit the plaintiff to the jail of this county."* (Italics ours.)

In concluding his statement of the contentions of the parties, the trial judge instructed the jury: "With reference to the contentions of the plaintiff and the defendants in this case that I have endeavored to outline to you and to explain to you, the court,

gentlemen, has endeavored to do so in a brief way. The court says to you in this connection, gentlemen, that you will determine the contentions of the parties in this case, and you will be governed by the pleadings of file in this case. You will look to these pleadings and ascertain from them just what the contentions of the respective parties are in this case."

Later in his charge, in stating the law applicable to the contentions of the parties, the trial judge instructed the jury in the following manner: "The court says to you that it is admitted that at the time of the arrest of the plaintiff was made by the defendants, they did not have nor possess any warrant for the arrest of the plaintiff. Therefore, gentlemen, the question for you to decide and the one question for you to decide is whether or not at the time the defendants arrested the plaintiff that the plaintiff was committing an offense against the criminal laws of this State in the presence of the defendants in this case."

The defendants assign as error the italicized portion of the charge quoted above on the ground that it was calculated to confuse the jury and impress upon them an erroneous contention that the defendants claimed to have a lawful warrant for the arrest of the plaintiff when in fact the defendants contended they were authorized to arrest him because he had committed an offense in their presence.

One definition of "warrant" in Funk and Wagnalls New Standard Dictionary is: "That which gives authority for some act or course; sanction." Another definition in Webster's New International Dictionary is: "Sanction of law or of a superior." A study of the charge suggests that the judge was using the words "with lawful warrant and authority" in the sense that the defendants contended they made the arrest with lawful sanction and authority.

Can it be said that the judge, in the excerpt here complained of, meant to tell the jury, or the jury so understood him as meaning to tell them, that the defendants contended that they had two defenses in the case: (1) that they had a lawful warrant in the form of a precept in writing issued by a magistrate, justice, or other competent authority requiring them to arrest the plaintiff as the person named therein, and (2) that they had legal authority to arrest and it was their duty to arrest the plaintiff for a crime committed in their presence? We think not. Especially

is this true since the judge, in a supplemental and explanatory instruction charging the law applicable to the contentions of the parties, specifically stated that the defendants admitted that they did not have a written precept for the arrest of the plaintiff and the only and one question for the jury to decide relative to their authority to make the arrest was whether or not at the time of the arrest the plaintiff had committed a crime in the presence of the defendants.

In Reed v. Central Maine Power Co., 132 Me. 476 (172 Atl. 823), it is said: "Instructions must, however, be examined with relation to one another, and as an entirety. 'A single proposition in the charge, standing alone, might be open to objection, but taken in connection with other parts of the charge, and as it must have been understood by the jury, was not exceptionable.' Hunnewell v. Hobart, 40 Me. 28, 31. Loose expressions, or simple inaccuracies, in separation from context, will be disregarded when, as a whole, instructions, not only contain an entire, fair, and correct statement of the law, but are free from any misleading influence. French v. Stanley, 21 Me. 512." See also, Rogers v. Bennett, 19 Ga. App. 520 (supra); Hanson v. McLendon, 170 Ga. 426, 430 (3) (153 S. E. 46); Roberson v. State, 57 Ga. App. 495, 496 (195 S. E. 881).

Considering the charge in the instant case in its entirety, the jury must have understood that the one and only issue relative to the authority of the defendants to arrest was whether the crime was committed in the presence of the defendants, and on this issue the charge contained an entire, correct, and fair statement of the law, and we think it was free from any misleading influences. Brown v. Matthews, 79 Ga. 1 (4 S. E. 13). It does not appear from the charge that the excerpt complained of was prejudicial to any right of the defendants or misleading to the jury. This ground shows no reversible error.

■ In special grounds two and three, the defendants assign as error certain portions of the charge of the court to the jury in which the jury were instructed in effect to find either for the plaintiff or the defendants. The defendants contend that they were deprived of the right to have the jury determine their individual actions and doings. There is no merit in this contention.

The Code, § 105-903, provides: "If the imprisonment is the

act of several persons, they may be sued jointly or separately, and if jointly, all shall be responsible for the entire recovery." *McCalla* v. *Shaw*, 72 *Ga.* 458; *Ace Neon Corporation* v. *Griffin Construction Company*, 75 *Ga. App.* 125 (42 S. E. 2d, 510).

■ In special ground five the defendants complain that the trial judge erred in sustaining an objection to the following question which was propounded to the plaintiff on cross-examination: "I will ask you, have you been in jail before this occasion?" The court did not err in sustaining the objection to the question as worded. *Reid* v. *State*, 49 *Ga. App.* 429 (176 S. E. 100) ; *Bryant* v. *State*, 191 *Ga.* 686 (2) (13 S. E. 2d, 820).

■ There is no error in the portion of the charge complained of in special ground four. The evidence authorized the verdict.

*Judgment affirmed.* *Gardner and Townsend, JJ., concur.*