### 5891. COPELAND & COMPANY *v*. MONROE.

RUSSELL, C. J. 1. An oral motion is not sufficient to reach mere amendable defects in legal proceedings, but a motion to dismiss a void proceeding is in order at any time,—as well at the trial term as at the appearance term of the case. A defective attachment bond is amendable, but a paper purporting to be such a bond, signed by a plaintiff firm as principal and with no other security than a member of the partnership which had signed the bond as principal is void as an attachment bond. The signature of an individual member of the partnership adds no force or value to the obligation, and provides no additional security in behalf of the defendant, and hence the signing of such a bond by one of the members of the firm individually is ineffectual to provide security upon the attachment bond as required by law, and amounts to no more than if no one had attempted to sign the attachment bond as security.

2. Upon the hearing of a motion to dismiss an attachment upon the ground that no bond has been given as required by law, and where it appears

from the record that the name of the person who signed the attachment bond as security was identical with that of one of the alleged partners in whose behalf the attachment was sued out, the court may assume, prima facie, that the partner and the security are the same individual, and it devolves upon the plaintiff in attachment to show that the security on the bond was in fact a different person from the partner having the same name.

3. The provisions of section 5062 of the Civil Code apply in cases where an attachment bond is insufficient as to amount or where the solvency of the security is questionable, but this section of the code does not authorize the amendment of a bond which is absolutely void, or permit the filing of an attachment bond for the first time at the trial term.

4. The lower court did not err in refusing to allow the amendment of the attachment bond, nor in dismissing the attachment on the ground that no bond had been given as required by law.        *Judgment affirmed.*

DECIDED JULY 3, 1915.

Attachment; from city court of Thomasville—Judge W. H. Hammond. June 19, 1914.

*Theodore Titus, L. Dekle,* for plaintiffs.
*Snodgrass & MacIntyre,* for defendant.