34446. KOLODKIN *v.* GRIFFIN *et al.*

DECIDED FEBRUARY 14, 1953—REHEARING DENIED MARCH 3, 1953.

*Sidney Parks,* for plaintiff in error.

*J. Ralph McClelland Jr., James A. Venable, H. C. Morgan,* contra.

CARLISLE, J. 1. The relationship alleged to exist between the defendants, Kolodkin and Swinks, is that of employer and em-

ployee, and the special facts alleged do not affirmatively disclose the contrary, or show, as contended by the defendant Kolodkin, that the relationship was that of landowner and independent contractor. The damage alleged to have been caused by the employee Swinks, in excavating the soil on Kolodkin's land, thereby depriving the plaintiff's land of the lateral support owed by Kolodkin's land to that of the plaintiff's land, and in trespassing on the plaintiff's land by removing soil therefrom, is alleged to have been done by Swinks within the scope of his employment with Kolodkin and with Kolodkin's full knowledge and consent; and it is alleged that the excavating was done without any notice whatever to the plaintiff. The excavating of Kolodkin's land by Swinks is alleged to have been done with a wilful, wanton, reckless, conscious, and intentional disregard for the rights and interest of the plaintiff, and his actions caused the enumerated damages to the plaintiff's land for which suit is brought. Under the provisions of Code § 85-1203, before making any excavations at all, the defendant Kolodkin, or his employee Swinks, should have given the plaintiff notice of his intention to do so; and even after the notice (had it been given), it was incumbent on the defendant Kolodkin and his employee Swinks to use ordinary care in the prosecution of the work and to take reasonable precautions to prevent damage to the plaintiff's land. *Bass* v. *West,* 110 *Ga.* 698, 701 (36 S. E. 244); *Massell Realty Improvement Co.* v. *MacMillan Co.,* 168 *Ga.* 164 (147 S. E. 38). The petition stated a cause of action against the defendant Kolodkin for the damage caused by his employee Swinks, within the scope of his employment and with the knowledge and consent of the defendant Kolodkin, and the trial court did not err in overruling Kolodkin's general demurrer to the petition.

2. The jury was authorized to find from the evidence adduced upon the trial: that the damage to the plaintiff's property was the direct and proximate result of the excavating and grading performed on Kolodkin's adjoining property; that Kolodkin employed R. H. Mabry to do the excavating and grading; that Kolodkin failed to give the plaintiff notice of his intention to excavate and grade his property; that neither the plaintiff nor her husband-agent was present during the operation, but

that Kolodkin was present and observed the manner in which the work was performed by Mabry's bulldozer operator; that the excavating on the Kolodkin property left a vertical embankment on the plaintiff's property of from ten to twelve feet in height without lateral support; that the plaintiff, through her husband-agent, made complaint to Kolodkin of the condition in which her property had been left by the excavating, and that Kolodkin assured her that this condition would be remedied, but that, after several appeals to him to remedy the condition, Kolodkin refused to do so, and the embankment of the plaintiff's property, having been deprived of its lateral support, began to wash out and slough off and the soil to be carried away. And the jury was further authorized to find that the defendant Swinks was in no way connected with the excavating operation on the Kolodkin property which caused the plaintiff's damage. There was evidence of the value of the plaintiff's property, both before and after the excavating on the Kolodkin property, and evidence of the expense to which the plaintiff had been put in attempting to mitigate her damage. The evidence, therefore, authorized the verdict against Kolodkin alone, and the damage assessed was within the range of the damage shown to have been sustained by the plaintiff.

3. In special grounds 1 and 2 of the motion for new trial, error is assigned upon portions of the charge to the jury, in which the court instructed that the relationship existing between the defendants Kolodkin and Swinks was that of employer and employee, when the evidence showed and the defendant Kolodkin contended that his relationship with Swinks was that of landowner and independent contractor. Even if we assume, for the sake of argument, that these instructions are erroneous, the defendant Kolodkin was not harmed thereby, for, in view of the verdict returned against *Kolodkin alone,* the jury did not believe that such a relationship existed between Kolodkin and Swinks insofar as the excavating of the rear of the Kolodkin lot was concerned. Had the jury believed that Swinks, as the employee of Kolodkin, had caused the excavating and grading to be done which caused the plaintiff's damage, Kolodkin's responsibility would rest entirely upon the doctrine of *respondeat superior,* and in a suit against the "employer" and

the "employee" brought upon the theory of such doctrine, the employee may not be found guiltless and the employer held responsible. *Southern Ry. Co.* v. *Davenport,* 39 *Ga. App.* 645 (2) (148 S. E. 171), and citations. In view of the verdict and the charge of the court as a whole, the instructions complained of were harmless and do not warrant the grant of a new trial.

4. In special ground 3, error is assigned upon the following excerpt from the charge: "I charge you that it is the plaintiff's contention in this case, as raised by the pleadings and by the evidence, that the acts of the defendants in grading and displacing the soil on the adjoining property and in trespassing on her property by grading and excavating the boundary line was done wilfully, wantonly, and with reckless and conscious disregard for the rights and interest of the plaintiff, such as to entitle her to punitive or exemplary damages in addition to the actual damages which are alleged to have been sustained." The objection to this excerpt from the charge is that it was unwarranted and unsupported by the evidence, as there was no evidence that the defendant Kolodkin graded or displaced soil beyond his boundary line; and that there was no evidence that any of the alleged acts were done wilfully, wantonly, and with a reckless and conscious disregard for the rights and interest of the plaintiff. The plaintiff's husband testified that soil had been removed, by the grading and excavating, to a distance of two feet on the plaintiff's side of the boundary line between the two lots. That the grading and excavating was done recklessly and with indifference to the rights of the plaintiff, is clearly inferable from the facts and circumstances of the case. No notice was given the plaintiff of an intention to displace the soil, even though there had been discussions between the parties wherein it was understood by the plaintiff that the land would be left in more or less its natural sloping contour. The grading and excavating was done in the presence of the defendant Kolodkin, who had employed Mabry to perform the work. Kolodkin gave no instructions to the operator of the bulldozer as to the manner in which the work was to be performed. The charge was clearly authorized.

5. It is always exclusively a question for the jury when the additional damages provided for in Code § 105-2002 shall be

allowed (*Batson* v. *Higginbothem*, 7 *Ga. App.* 885, 839, 68 S. E. 455); and since, as indicated in the foregoing division of this opinion, the jury was authorized to find that there were aggravating circumstances attending the excavating and grading which caused the plaintiff's damage, the court did not err in charging the provisions of § 105-2002. Special ground 4 is without merit.

6. In special ground 5, error is assigned upon the following excerpt from the charge: "I charge you further that the malice required for the recovery of exemplary damages need not amount to ill-will, hatred or vindictiveness of purpose, but I charge you that it would be sufficient upon which to base a finding in favor of the plaintiff for punitive damages in this case, if you find that the acts on the part of the defendants, or either of them, were wanton or with a conscious, reckless, or intentional disregard for the rights of the plaintiff in the free use and enjoyment of her land, in its natural state; as such a reckless, conscious, or intentional disregard is equivalent to legal malice justifying punitive damages. If you should find that the plaintiff in this case is entitled to punitive damages, you would be authorized to award such amount of punitive damages which, in your discretion, the plaintiff is entitled to recover, and you would in that event award such damages which you find the plaintiff is entitled to recover, if any. The law does not set any standard by which this item of damages can be measured, gentlemen, except the enlightened consciences of impartial jurors. You would look to the evidence and see whether or not you believe the plaintiff is entitled to recover upon this item, and if you believe she is, then you would award such sum as would meet the approval of your enlightened consciences." This was a full and correct statement of the law upon the subject of legal malice as related to punitive damages (*Investment Securities Corp.* v. *Cole*, 57 *Ga. App.* 97, 102, 194 S. E. 411); and the charge was authorized by the evidence, as we have already indicated in division 4 of the opinion.

7. The measure of damages in cases of the nature here under consideration is the difference in the value of the property before and after the alleged tort, and the charge complained of in special ground 6 clearly instructed the jury to be guided by

this measure in determining the amount of the damages sustained by the plaintiff. There was evidence of these respective values, and also evidence of the expense to which the plaintiff had been put in an effort to mitigate her damages. The court did not err in charging the jury: "I further charge you that the measure of damages in such case, if you believe that the plaintiff is entitled to recover, would be to look to all the evidence and determine what the value of the plaintiff's property was immediately before the alleged grading, and then look to the value of the property immediately after the alleged grading, and the difference between the amount you found the property worth before and the property worth afterwards would be the amount that the plaintiff would be entitled to recover in this item, if the jury believes that the plaintiff is entitled to recover."

8. Special ground 7 is but a reiteration of the complaint that punitive damages were unauthorized and that the court should not have charged thereon, and a reiteration of the complaint that the charge on the measure of damages, the difference in the value of the property before and after the alleged tort, was unauthorized. These contentions have been disposed of earlier in the opinion and are without merit.

The trial court did not err in overruling the defendant's general demurrer to the petition, or in denying the motion for a new trial.

*Judgment affirmed.* *Gardner, P. J., and Townsend, J., concur.*