## 50139. DOUGLAS v. RINKER.

QUILLIAN, Judge.

The plaintiff (appellee here) brought suit seeking to recover damages for personal injuries and property damage which he alleged resulted from the defendant's negligence in driving a vehicle into the plaintiff's vehicle. Trial was held before a jury and resulted in a verdict in favor of the plaintiff and against the defendant in the sum of $5,000. The defendant filed a motion for a new trial which as subsequently amended was overruled by the trial judge. Appeal was then taken to this court. *Held:*

As set forth in the brief of defendant's attorney the sole question presented by this appeal is whether or not the evidence authorized or warranted the following charge given by the court to the jury: "Now members of the jury, I charge you that the plaintiff is entitled to recover on account of the injury to his person — if you find that he's entitled to recover, I charge you that one item of damages that is recoverable on account of injury to the person, where there is liability, is the reasonable value of

lost earnings, if you find there is any, due to such injury, prior to the date of the trial of this case." In this connection, the defendant also urges that there is no testimony to establish that the time the plaintiff lost from his employment was directly related to his injuries.

We are asked to consider the following salient facts brought forth from a consideration of the evidence: The plaintiff first testified that he was earning $150 a week and was out of work for nine weeks. He testified on cross examination that the accident occurred on March 16 and he went back to work the last of April or the first of May and conceded that was "8 weeks." He further testified on cross examination that he worked for Walker Ford (a subsequent employer) for 11 months and left them about 5 weeks before the trial on March 7, 1974. He then testified on cross examination that he went to Orthopedic Associates "two, three or four times" and stated in response to a question "I had to take off work to go over there to see him." The medical bill of Orthopedic Associates shows that the last visit by the plaintiff to that firm was on April 18, 1973. On re-direct examination, he stated that he lost the number of weeks "from March 16 to about the last of April." On re-cross examination he testified he could not state what week in April he went back to work and when asked if it could have been the third week in April responded, "I don't know, sir."

Lost earnings can be recovered if the proof is reasonably certain. *Southwestern R. Co. v. Vellines,* 14 Ga. App. 674 (2) (82 SE 166); *Kroger Co. v. Perpall,* 105 Ga. App. 682, 685 (125 SE2d 511). The jury must be able to calculate the amount of the loss with such reasonable degree of certainty since, of course, the question of damages cannot be left to guesswork. *Studebaker Corp. v. Nail,* 82 Ga. App. 779, 785 (62 SE2d 198).

Counsel for the defendant cites the case of *Keplinger v. Cook,* 115 Ga. App. 540 (154 SE2d 765), where we held that the plaintiff failed to carry the burden of proof showing that the loss in wages resulted from the collision. This ruling was based on a construction of the evidence most strongly in favor of the verdict and against the testimony of the plaintiff who was testifying in his own behalf. Under the circumstances of that case, an appeal by

the plaintiff, the plaintiff was required to show that the verdict was so grossly inadequate as to be contrary to law. Here, however, the finding was in favor of the plaintiff and the defendant has the burden of establishing that there was no evidence to sustain the charge given.

We are urged by counsel for defendant that *Southern R. Co. v. Hobbs,* 121 Ga. 428 (1) (49 SE 294), requires a finding for the defendant. There it is held: "The testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him when it is self-contradictory, vague, or equivocal. . . And he 'is not entitled to a finding in his favor if that version of his testimony the most unfavorable to him shows that the verdict should be against him.'" Neither in that case nor in the others applying that principle is there a ruling that merely because the party's testimony is contradictory he is thereby precluded from recovery. The crucial test is whether the most unfavorable of his testimony would establish that he could not prevail.

Assuming that the rule is applicable to the facts of this case we find no basis for reversal. "Where distinct issues are presented in pleadings, it is not error for the trial judge to give in charge to the jury the law relating thereto, provided the same is supported by some evidence, even though very slight and consisting of inferences drawn from sworn testimony." *Harper v. Hall,* 76 Ga. App. 441 (46 SE2d 201). Accord, *Lyles v. State,* 130 Ga. 294 (8) (60 SE 578). Giving the evidence reasonable construction, the plaintiff did show that he lost some time from work as a result of the injuries he received in the automobile collision. That being true, the trial judge did not err in instructing the jury as to lost earnings.

*Judgment affirmed. Pannell, P. J., and Clark, J., concur.*

ARGUED JANUARY 10, 1975 — DECIDED APRIL 29, 1975 — REHEARING DENIED JUNE 5, 1975.

*Fulcher, Hagler, Harper & Reed, William C. Reed,* for appellant.
*Allgood & Childs, Thomas F. Allgood,* for appellee.