## 52896. BONDS v. POWL.

DEEN, Presiding Judge.

1. The defendant appellant is a justice of the peace. Following a personal altercation with Patti Powl, plaintiff in this damage suit, she requested that the latter, who with her family was a tenant in the defendant's mobile home, move from the premises. The family left, admittedly owing some amount of rent, and could not be located by the appellant. Neither could the appellant locate another justice of the peace. Thereupon, she single-handedly issued an attachment in which she denominated herself the judicial magistrate, the affiant, the principal and also the surety on the accompanying bond, and caused it to be "levied" on the plaintiff's employer. The employer, justifiably confused by the document, called the appellant and was told that this was

not an ordinary type of garnishment (which it certainly was not) and that he should withhold all of Mrs. Powl's wages until further notice. The employer then told Mrs. Powl that, since he would be unable to pay her, the best thing for her to do would be to go on and get the thing straightened out. This effected a temporary termination of her employment.

The basic incongruities of the situation having been brought to the attention of the appellant over the weekend, she at once dismissed the "attachment," but by that time the employer, who was actually in process of laying off help due to the financial slump, informed the employee, when she returned to work, that there were no job openings.

Mrs. Powl then brought the present action, based on the above facts, seeking compensatory damages under Code § 105-2001 and exemplary damages under Code § 105-2002. On the issue of compensatory damages a verdict was properly directed against the appellant. "No judge or justice of any court, no ordinary, justice of the peace, nor presiding officer of any inferior judicature or commission shall sit in any cause or proceeding in which he is pecuniarily interested." Code § 24-102. For a judicial officer to bring his own case before himself as a trier of fact violates the basic philosophy on which our judicial system is founded, that every phase of litigation is to be heard and decided by a *disinterested* magistrate. This alone is sufficient to render the suit a nullity. It may be observed further, however, that the document purported on its face to be an attachment; under Code § 8-111 relating to attachments, a bond "with good surety" is mandatory and, even before a disinterested magistrate, this bond in which the appellant attempted to sign as her own surety would have been void. *Copeland & Co. v. Monroe,* 16 Ga. App. 586 (85 SE 789). Even assuming that a valid writ of attachment had issued, and that by virtue of Code § 8-501 and the proviso in former Code § 46-101 (this incident having taken place in 1974) the appellant might arguably have thought she had a right to such procedure in aid of the attachment, the fact remains that not only was the attachment void but no garnishment was ever attempted to be issued. The appellant merely *verbally* instructed the

appellee's employer to withhold wages. This monument of errors was in fact dismissed within a few days, but, so far as compensatory damages are concerned, there was no error in directing a verdict for the appellee in this action for whatever amount of monetary loss the jury should find she had suffered, and, in any event, for nominal damages because of the tort.

2. The court erred, however, in directing a verdict for punitive damages. Whether an additional sum should be awarded the plaintiff, either as compensation for her wounded feelings, or to deter the wrongdoer from repeating the trespass, is solely a matter for jury consideration, not only as to amount but as to the award itself. Code § 105-2002 provides that "the jury may" do so under certain circumstances. As early as *Ransone v. Christian,* 49 Ga. 491, 504 it was stated that "[w]hether the case was a tort attended with aggravating circumstances, was a question for the jury alone under the proof, and it was not proper for the Judge to say to them that in 'this case' it was their right to give punitive damages." "It is always exclusively a question for the jury to determine when punitive or exemplary damages should be allowed, as well as the amount of such damages." *Walk v. Carter,* 110 Ga. App. 273 (3) (138 SE2d 390) and cit. See also *Townsend & Ghegan Enterprises v. W. R. Bean & Son,* 117 Ga. App. 109 (6) (159 SE2d 776). Since there is no way of determining which part of the verdict is for compensatory and which for exemplary or punitive damages, the case must be reversed.

3. The enumerations of error regarding failure to charge certain principles of law relating to attachment and garnishment need no discussion. Since no garnishment issued, and the attachment attempted to be issued was a nullity, no error appears here.

4. Enumerations 7 and 8 deal with the form of verdict, which instructed the jury to find "for the plaintiff a sum of $ ————." We agree that the better practice is for the court to further instruct the jury to return separate amounts for compensatory and exemplary damages. So far as submitting a form finding for the defendant is concerned, the court did not do so because he had directed a verdict in favor of the plaintiff; however, it further

appears from this record that the defendant had filed an answer and counterclaim for unpaid rent and damage to the mobile home causing diminution of its market value in a stated amount. The counterclaim does not appear to have been disposed of in any way. Another enumeration complains that before and after testimony of the value of the home was not allowed. Since the case is being tried again, we do not pass on these points except to point out that the defendant would be allowed to submit such value evidence, and the verdict forms should take the cross claim into account.

5. In a case such as this, where the facts are generally not in dispute and the main factor in determining the verdict is the motive under which the appellant acted, an instruction to the effect that if a tort is committed through mistake, ignorance, or mere negligence, the damages are limited to the actual injury received, and that vindictive or punitive damages are recoverable only when a defendant acts maliciously, wilfully or with such gross negligence as to indicate a wanton disregard of the rights of others, is proper and should be given as requested. *Molton v. Commercial Credit Corp.,* 127 Ga. App. 390, 394 (193 SE2d 629); *State Mut. Life &c. Assn. v. Baldwin,* 116 Ga. 855, 860 (43 SE 262).

*Judgment reversed. Webb and Smith, JJ., concur.*

ARGUED OCTOBER 5, 1976 — DECIDED OCTOBER 22, 1976.

*William G. Posey,* for appellant.
*Charles W. Jordan, Robert J. Noland,* for appellee.

