## 62262. GIBSON PRODUCTS COMPANY OF GAINESVILLE, INC. v. ROWE.

CARLEY, Judge.

While shopping in defendant-appellant's retail store, plaintiff-appellee was injured when a table fell from a shelf and struck her foot. This action was brought by appellee seeking recovery for damages resulting from this injury and alleging that appellant was negligent, primarily, in failing to provide a lip on the edge of the shelf to prevent the table from falling. The jury returned a verdict in favor of appellee. Appellant appeals from the judgment entered on the verdict.

In its sole enumeration of error, appellant contends that the trial court erred in charging the jury as follows: "I charge you further that it is the duty that rests upon it to exercise ordinary care to keep the premises safe for persons coming thereon by invitation. An invitee may rely upon the proper discharge of this duty by the owner or occupier and *is not as a matter of law guilty of negligence* in failing to discover the existence of a defect in the premises which tender or render it unsafe for persons coming upon the premises continually without interruption for the defect in the premises is not required of such person, or invitee." (Emphasis supplied.) Appellant contends that this charge instructed the jury, as a matter of law, that appellee

could not be guilty of contributory negligence, thus depriving appellant of this defense. However, appellant admits that the charge is susceptible to two constructions. The other construction, and the one urged by appellee, is that the import of the instruction is simply that appellee, as an invitee, is not guilty of negligence per se in failing to discover defects in the premises.

The legal principle enunciated in that portion of the charge objected to by appellant is a correct statement of the law. See *Cooper v. Anderson,* 96 Ga. App. 800, 810 (101 SE2d 770) (1957); *Lane Drug Stores v. Brooks,* 70 Ga. App. 878, 884 (29 SE2d 716) (1944); *Misenhamer v. Pharr,* 99 Ga. App. 163, 166 (107 SE2d 875) (1959); *Winn-Dixie Stores v. Hardy,* 138 Ga. App. 342 (2) (226 SE2d 142) (1976); *Ray v. Gallant-Belk Co.,* 147 Ga. App. 580 (4) (249 SE2d 635) (1978); and *Sears, Roebuck & Co. v. Chandler,* 152 Ga. App. 427 (1) (263 SE2d 171) (1979). Contrary to appellant's contention, the language used is not equivalent to what would be an obviously incorrect instruction, to wit: As a matter of law, an invitee *is not guilty* of negligence, etc. However, we agree with appellant's contention that the phraseology used in the challenged portion of the charge in the instant case is stylistically esoteric and, when considered separately, could be confusing to a jury of lay persons not versed in the law. Perhaps the relevant legal principle could be more easily understood and applied by the jury if the language of the charge were revised so as to state that "[a]n invitee . . . is *not necessarily,* and as a matter of law, guilty of negligence in failing to discover the existence of a defect in the premises . . ." See *Cooper v. Anderson,* supra; *Lane Drug Stores v. Brooks,* supra.

Nevertheless, in determining whether or not any portion of the charge of the court is erroneous, a reviewing court must consider the same in conjunction with what was charged immediately before and after the excerpt complained of and in view of the charge as a whole. *Essig v. Cheves,* 75 Ga. App. 870 (6) (44 SE2d 712) (1947); *Richter v. Atlantic Co.,* 65 Ga. App. 605, 607 (16 SE2d 259) (1941). Before the excerpt which is challenged in the instant case, the jury was charged: "On the other hand if the jury finds that the plaintiff suffered injury as alleged or contended and for which recovery is sought but that the same was due not to the negligence of the defendant but of the plaintiff, or if due to the negligence of the defendant the same could have been discovered by the plaintiff and injury prevented by the exercise of ordinary care for her own safety, the plaintiff would not be entitled to recover." Later on in the instructions, the jury was told: "I charge you members of the jury that every person is under a duty to exercise ordinary care for his or her safety, own safety. Ordinary care is that care which every prudent person exercises under the same or

similar circumstances in the case. If you find that the plaintiff could, by the exercise of ordinary care, have avoided the injury or damage to herself, then you must find that the plaintiff recover nothing from the defendant in this case."

From a review of the charge in its entirety, it is apparent that the jury was fully instructed on the law as to contributory negligence and all other applicable principles of law. The excerpt complained of, when isolated from its context, is perhaps subject to the criticism made of it by appellant. But when the excerpt complained of is construed as a part of the whole charge, it clearly states the applicable law so that the jury could not reasonably have been misled or confused. *Central of Ga. R. Co. v. Leonard*, 49 Ga. App. 689, 703 (176 SE 137) (1934); *Thomas v. Barnett*, 107 Ga. App. 717, 729 (131 SE2d 818) (1963). Consequently, the trial court did not err for any reason urged on appeal.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 11, 1981.

*Weymon H. Forrester,* for appellant.
*William S. Hardman,* for appellee.