## 62717, 62718. DAVIS v. CINCINNATI INSURANCE COMPANY; and vice versa.

BIRDSONG, Judge.

Insurance Claim. This is the third appearance before this court of this lawsuit. Paul T. Davis d/b/a Dome & Company owned certain warehouse space. Davis rented this space to Hybrid Industries which firm used the space to store televisions. Hybrid became delinquent in rent, and Davis obtained a writ of possession. In order to protect Hybrid's property, Davis undertook to move the televisions to another warehouse location. There is some indication that the movers took some of the televisions as compensation for their move and that other sets were damaged while in storage. Hybrid successfully brought suit against Davis for conversion in an amount in excess of $53,000, with an additional award of $46,000 punitive damages. Davis sought to have Cincinnati Insurance Co. defend him against Hybrid's suit. Cincinnati defended Davis with a reservation of rights. When the trial court ruled there had been a conversion, Cincinnati withdrew from further defense on the grounds that the policy did not cover wilful acts by the policyholder. See *Davis v. Hybrid Industries,* 142 Ga. App. 722 (236 SE2d 854). Davis then brought suit against Cincinnati seeking to recover the $99,000, plus punitive damages for tortious refusal to settle the suit prior to trial

and penalties and attorney fees for bad faith in refusing to settle the claim after judgment was rendered against Davis. The trial court granted partial summary judgment to Davis and against Cincinnati as to liability for coverage only, concluding that the policy was broad enough to cover Davis' acts which resulted in the damage to Hybrid. Cincinnati appealed the summary judgment to this court which affirmed the trial court's grant of partial summary judgment. See *Cincinnati Ins. Co. v. Davis,* 153 Ga. App. 291 (265 SE2d 102). This left for jury consideration the issues of negligent failure to settle the claim prior to suit by Hybrid and the question of bad faith in failing to pay Davis' claim. On remittitur, the trial court held a three-day jury trial on the remaining issues of tortious failure of Cincinnati to settle the claim prior to trial and the question of penalties and attorney fees based on bad faith. Prior to trial, Cincinnati unsuccessfully moved the trial court to dismiss the complaint on the ground that all issues before the court were moot. Cincinnati urged that it had paid the judgment rendered against its insured and because Davis at a pretrial hearing had not insisted upon refining as issues still pending for trial the failure to settle or bad faith, nothing remained for trial where the final judgment on liability had been satisfied. The jury found no bad faith on the part of Cincinnati but returned a verdict of $10,000 in favor of Davis for a tortious failure to settle the claim prior to judgment. In the main appeal from this last judgment, Davis urges as error the refusal of the trial court to give a requested charge; the trial court's allowing the jury to construe the insurance policy involved; and admission of testimony of a witness allegedly based upon hearsay. In its cross appeal, Cincinnati enumerates as error the denial of its motion to dismiss for mootness and denial of its motion for judgment n.o.v. *Held:*

1. In his first enumeration of error, Davis complains that the trial court erred in refusing to give a requested charge. In this court's second decision in this case in 153 Ga. App. 291, we concluded that the contract of insurance was plain, unambiguous and capable of only one reasonable interpretation. Davis argued that this thus became the law of the case and that the jury should have been so charged in its consideration of the issues of bad faith.

This court when considering in our preceding decision the issue of coverage, was concerned with the wording, meaning and intent of a particular provision in the contract of insurance. In substance we sustained a finding by the trial court that Davis had improperly but in good faith invaded the premises of the lessee, Hybrid, based upon inadequate service of process of a writ of possession. The terms of the policy provided coverage for a wrongful entry or eviction or other invasion of the right of Hybrid to peaceful occupancy. We concluded

that this policy provision allowed only one reasonable conclusion. This holding addressed a partial grant of summary judgment. Thus, we were required to determine whether the interpretation of the policy provision was a matter for the trial court or should have been resolved by a jury.

As to the charge and verdict concerning the negligent failure to settle the claim and bad faith, the issue to be decided was not the ultimate meaning of the policy provisions but the state of mind of the insurer when it decided that acts of conversion were not covered or what matters prompted the insurer to contest the case of liability and appeal the adverse judgment rather than settle the claim upon a bona fide offer to settle.

Even though language used by an appellate court in a decision may embody sound law, it is not always appropriate to employ such language in instructing the jury. Such an instruction may be helpful in explaining a principle of law but ambiguous to a jury. *Griffin v. State,* 154 Ga. App. 261, 263 (2) (267 SE2d 867). As we view the requested instruction, it was argumentative in relation to the question of Cincinnati's state of mind and would virtually work the direction of a verdict for Davis. The trial court gave a full and correct charge so as to illuminate the issues to the jury in language which was substantially the same as that requested by Davis. The difference between the language requested and the language used is miniscule. We find no error in refusing to give the charge in the language requested, or denominating it as the "law of the case." *Seaboard C. L. R. Co. v. Thomas,* 229 Ga. 301 (190 SE2d 898). For the same reason, the trial court did not err in refusing to allow Davis to argue the reasoning of this court to the jury as to the meaning of the contract. Liability had been established. The jury was only concerned with the reasons for Cincinnati's declination of coverage and whether that refusal was negligent or done in bad faith.

2. The same principle discussed in Division 1 of this opinion disposes of Davis' second enumeration of error. In that enumeration, Davis contends that the trial court erred in allowing the jury to construe the policy rather than the court doing so. Once again the jury was not attempting to decide liability; that issue was settled. The jury was given the policy to help it decide if, in light of its various provisions, Cincinnati acted reasonably in refusing to settle the claim or acted in bad faith in refusing to pay the claim upon demand by Davis after liability had been established. While we cannot say that the jury could so easily decipher the provisions of the policy as ineluctably to disclose the insurer's reasons for declining coverage, likewise we cannot say that the policy provisions could in no way contribute to a better understanding. The rule in this state is if

evidence may contribute some light on the issue under consideration, even if of debatable value, the evidence should be admitted and its weight left to the jury. *Lovejoy v. Tidwell,* 212 Ga. 750, 751 (95 SE2d 784); *Cravey v. J. S. Gainer Pulpwood Co.,* 128 Ga. App. 465 (4) (197 SE2d 171).

3. In his last enumeration of error, Davis contends that it was error to allow the attorney who represented Cincinnati at the time the decision was made to refuse to settle the claim to testify that an inventory (not before the court) and other evidence indicated that Hybrid's claim might result in a judgment of $17-$20,000 and Hybrid was not willing to settle for less than $32,500. Davis contends that the testimony in reference to the unavailable inventory was hearsay. Accepting the truth of that conclusion, it has no bearing on the question confronting the trial court and the jury at the time the evidence was being discussed by the witness. Clearly this evidence was useful and probative to explain the conduct of the witness in advising his client Cincinnati not to settle the claim and thereafter to aid the jury in deciding whether the refusal was negligent or done in bad faith. It long has been the rule in this state that evidence containing facts which explain conduct, ascertain motives or illuminate reasons for actions (state of mind) where that is in issue, those facts are admissible in evidence, not as hearsay, but as original evidence. *Blanton v. Marchbanks,* 139 Ga. App. 158, 161 (3) (228 SE2d 285). Appellant Davis has advanced no reason to justify a new trial on any of the issues raised.

4. In its cross appeal, Cincinnati raises three additional enumerations of error. We are not persuaded by the logic of the argument presented on its first two enumerations. In substance, Cincinnati argues that when summary judgment was granted establishing liability by Cincinnati for the $99,000 judgment obtained by Hybrid against Cincinnati's insured (Davis) and Cincinnati paid that judgment all the remaining issues became moot particularly where Davis did not insist at a pretrial hearing that the issues should be limited to the matter of negligent failure to settle the claim or bad faith.

We agree rather with the counter-argument advanced by Davis. The trial court granted *partial* summary judgment to Davis, thus resolving only the legal issue of whether the policy of insurance covered Davis' act of entering Hybrid's rented space and removing the televisions in question. There were two additional counts in Davis' complaint which were not treated in the partial grant of summary judgment. These necessarily left issues of fact pertaining to reasons for Cincinnati's declination of coverage and damages, based upon its erroneous conclusions, for further trial by a jury. *Bituminous*

*Cas. Corp. v. Mowery,* 145 Ga. App. 45, 53 (244 SE2d 573). We find no error in the denial of the motion to dismiss for mootness, nor denial of a motion for directed verdict based on the same grounds.

5. In its third enumeration of error, Cincinnati argues that the trial court erred in overruling its motion for judgment n.o.v. The basis of the motion is that "bad faith" forms the basis of the count dealing with negligent failure to settle Hybrid's claim against Davis. Inasmuch as the jury returned a verdict absolving Cincinnati of bad faith, Cincinnati argues that the verdict of $10,000 for tortious failure to settle the claim is inconsistent with the absolution of "bad faith," thus entitling it to the judgment n.o.v.

Cincinnati predicates its argument upon the wrong premise. Davis presented his claim for bad faith as a contractual matter. It was argued that Cincinnati was obligated by contract to honor all covered claims within 60 days after valid claim was made therefor. Obviously this action was laid under the penalty provisions of the code dealing with insurance carriers, i. e., Code Ann. § 56-1206. That provision of law authorizes the recovery of a 25% penalty as well as attorney fees upon the demonstration of bad faith.

In addition to that count, however, Davis sought to recover under the authority of Code Ann. § 105-2009 for Cincinnati's negligent failure to settle the claim by acceptance of a bona fide offer to settle by Hybrid prior to suit. This is an action ex delicto and does not require a showing of bad faith. In deciding whether to accept an offer of settlement within policy coverage the insurer must accord the interest of its insured the same faithful consideration it gives its own interest and it is a matter for the jury to decide whether the duty was faithfully or negligently performed. *U. S. Fidelity &c. Co. v. Evans,* 116 Ga. App. 93 (156 SE2d 809). Cincinnati seeks to treat the ex delicto count as if it merged with the ex contractu count. However, the action in negligence is an apple to the orange of contract law of bad faith, and the standard of bad faith has no application to the duty of care which has its source in the law of torts and not the law of contracts. See *Holmes v. Worthey,* 159 Ga. App. 262, 268 (282 SE2d 919). See also *Gingold v. Government Employees Ins. Co.,* 159 Ga. App. 410 (283 SE2d 614); *Great American Ins. Co. v. Exum,* 123 Ga. App. 515, 519 (181 SE2d 704). The trial court gave full and appropriate instructions on both concepts and the jury found no bad faith (thus denying penalties and attorney fees) but found that Cincinnati acted negligently in failing to settle the claim. We find no error in the verdict of the jury nor in the overruling of Cincinnati's motion for judgment n.o.v.

*Judgment affirmed in both appeals. Shulman, P. J., and Sognier, J., concur.*

*B. W. Crecelius, A. Joseph Nardone, Jr.,* for appellant.
*Edward L. Savell,* for appellee.