38914. ATLANTA COCA-COLA BOTTLING COMPANY v. ROSSER.

HILL, Presiding Justice.

While driving his car, Luther Rosser was hit from the rear by a truck bearing the Coca-Cola logo and loaded with Coca-Cola

products. Rosser sued Atlanta Coca-Cola Bottling Co. ("Coke") for various items including medical expenses, loss of earnings and earning capacity, and punitive damages. After Rosser rested, the bottling company moved for directed verdict based upon Rosser's failure to prove that the truck involved in the accident was owned by it or that the driver was driving the truck on its behalf. The trial court allowed Rosser to reopen and, over objection, Rosser introduced the deposition of the truck driver taken upon oral examination. The jury returned a verdict for $15,000.

Rosser appealed, complaining of the trial court's jury instructions on damages. Coke cross appealed alleging as error the introduction of the truck driver's deposition and the denial of its motion for a directed verdict.

The Court of Appeals, *Rosser v. Atlanta Coca-Cola Bottling Co.,* 162 Ga. App. 503 (291 SE2d 109) (1982), found no error in the jury instructions and no error in the overruling of the motion for directed verdict. However, the court found that Rosser had failed to show that the truck driver was unavailable to testify and held that the deposition therefore should not have been admitted. A new trial was ordered. In determining the deposition was not admissible, the Court of Appeals relied upon its interpretation of Code Ann. § 81A-132 (a)(3) in *Building Associates v. Crider,* 141 Ga. App. 825 (6) (234 SE2d 666) (1977). Upon application by Coke, we granted certiorari to determine whether the trial court erred in admitting the deposition of the truck driver upon oral examination.

Subsection (3) of Code Ann. § 81A-132 (a) provides in pertinent part as follows: "The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds . . ." any one of six reasons why the witness is unavailable. The Court of Appeals found that because Rosser failed to show that the truck driver was unavailable for any of the six reasons specified, his deposition should not have been admitted.

However, subsection (4) of Code Ann. § 81A-132 (a) provides in pertinent part as follows: "The deposition of a witness, whether or not a party, taken upon oral examination, may be used in the discretion of the trial judge, even though the witness is available to testify in person at the trial."

Subsection (3), supra, provides that a party is entitled to use a deposition of a witness, whether or not a party, if the court finds one of the six specified conditions relating to the unavailability of the witness. This Code section is applicable to both depositions upon oral examination, Code Ann. § 81A-130, and depositions upon written questions, Code Ann. § 81A-131.

Subsection (4), supra, provides for the use of a deposition upon

54

oral examination in the discretion of the trial court even though the witness is available to testify at trial. Depositions upon oral examination of witnesses available to testify are admissible in the discretion of the trial court because of the opportunity by each party to thoroughly examine the witness at the taking of that deposition.

A decision by the trial court to admit into evidence a deposition taken upon oral examination where the witness is available shall be reversed only when the party objecting to the admission of the deposition shows that the trial court abused its discretion.[1] There is no evidence of such abuse here. Division 6 of *Building Associates v. Crider,* supra, and its progeny will not be followed.

*Judgment reversed in Court of Appeals case no. 63362. All the Justices concur, except Marshall, J., disqualified.*

DECIDED OCTOBER 19, 1982.

*W. Seaborn Jones, B. Holland Pritchard,* for appellant.
*E. Graydon Shuford,* for appellee.

[1] Conversely, a decision by the trial court to exclude a deposition taken upon oral examination where the witness is available shall be reversed only when the party offering the deposition shows that the trial court abused its discretion.