### 69257. MR. TRANSMISSION, INC. v. THOMPSON.
#### (328 SE2d 397)

BEASLEY, Judge.

Plaintiff-appellee Thompson discovered that the automatic transmission in his automobile was leaking but operating properly. He took the vehicle to defendant-appellant Mr. Transmission, Inc., a transmission repair business, told them he wanted the transmission seals replaced because it was leaking, signed a work order, and left the vehicle with them expecting to pay their advertised fee of $69.95. When he returned some hours later, he was told to go back into the shop where he would be told what was wrong with his transmission. He found that the transmission, which did not have to be taken apart to replace seals, had been removed from his car and was disassembled. An employee told him that his transmission fluid was burnt out and there were metal particles in it. The employee pulled some slats from the parts and broke them in pieces. When plaintiff asked who had authorized the transmission to be disassembled he was told that the manager had. He was told that the transmission had to be rebuilt or replaced, that rebuild would take a week and over $300, and that a replacement rebuilt transmission could be installed more quickly at a cost of $377. To get his car back appellee had appellant install a replacement rebuilt transmission and paid for it under protest as he had not authorized it to be torn down. After using the rebuilt transmission for a time, it also began to leak. When he took it back to appellant for correction, he sat on a chair in appellant's manager's office which collapsed under him causing personal injuries.

Appellee thereupon commenced this action in two counts alleging in count one the unauthorized disassembly and destruction of his operating transmission resulting in the forced purchase by plaintiff of another transmission and prayed for punitive damages arising from appellant's acts. Count two was for the personal injuries arising from the collapse of the chair. Trial by jury resulted in a verdict for appellee of $350 actual damages and $15,000 punitive damages as to count one, and $27,500 actual damages as to count two. The appeal concerns only the verdict and judgment on count one pertaining to punitive damages. *Held*:

1. We find no merit in appellant's enumeration that the trial court erred in refusing to direct a verdict as to punitive damages on the ground that such damages were not properly pleaded. A pre-Civil

Practice Act case is relied upon by appellant.

The Civil Practice Act provides that every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings, providing the matter is litigated. OCGA § 9-11-54 (c) (1).

"[W]here the facts alleged are sufficient to warrant the recovery of punitive damages, and a recovery of general damages is prayed, it is not a requisite to the assessment of punitive damages that they should be claims eo nomine." *Mundy v. Cincinnati Ins. Co.*, 141 Ga. App. 106 (5), 109 (232 SE2d 621) (1977).

2. Appellant asserts the denial of his motion for a directed verdict, made on the ground that there was no evidence to support punitive damages, was error.

"In a tort action in which there are aggravating circumstances, in either the act or the intention, the jury may give additional damages to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiff." OCGA § 51-12-5.

Appellant argues that punitive damages were not authorized because count one was a contract dispute case, in which such damages are not authorized, and there was no evidence which converts the contract into a tort. We disagree.

Appellant presented no evidence and appellee's testimony is the only evidence as to what transpired. He testified that the transmission was working properly, although leaking, when he took it to appellant to have the leak stopped by replacing the seals; that he did not authorize the disassembly of the transmission; and that by treating the transmission in a totally unauthorized manner and destroying parts of his transmission in his presence, he was forced by appellant to purchase a replacement transmission in order to get his car back into operation.

"Any unlawful abuse of or damage done to the personal property of another constitutes a trespass for which damages maybe recovered." OCGA § 51-10-3.

A bailment for the purpose of making repairs for a consideration is for the mutual benefit of both parties, and the bailee is under a duty to exercise ordinary care and diligence to protect the property. *Renfroe v. Fouche*, 26 Ga. App. 340 (4) (106 SE 303) (1921).

"Willful misrepresentation of a material fact, made to induce another to act, upon which such person acts to his injury, [is fraud and] will give him a right of action . . ." OCGA § 51-6-2.

Applying the foregoing law to the facts, we find that it is reasonably inferable that appellant committed torts when it did unauthorized acts with respect to appellee's transmission, damaged the transmission, and falsely represented to appellee that the transmission had to be rebuilt to induce appellee to purchase a transmission or a complete

rebuild of the one they had damaged. Therefore, the evidence was sufficient to authorize a claim for punitive damages and there was no error in denying the motion for a directed verdict.

Whether the circumstances were sufficiently aggravating to authorize punitive damages is a jury question. *Ransone v. Christian*, 49 Ga. 491, 505 (1872); *Kolodkin v. Griffin*, 87 Ga. App. 725 (5) (75 SE2d 197) (1953). Punitive damages may be recovered if the circumstances are such from which an inference of conscious indifference to the consequences and to the legal rights of others, or to the ordinary obligation of society might be drawn. *Charleston & W. C. R. Co. v. McElmurray*, 16 Ga. App. 504 (3) (85 SE 804) (1915). We find that the evidence in this case is reasonably susceptible to such an inference.

3. As appellant did not object to the charge complained of in the third enumeration of error, any error was waived, and there is nothing for this court to review. OCGA § 5-5-24; *Pierce v. Pierce*, 241 Ga. 96 (4) (243 SE2d 46) (1978).

4. There is no merit in the fourth enumeration as there is nothing in the record to show that appellee's amendment improperly filed after the trial concluded was considered by the trial court in any way.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED MARCH 11, 1985

*Patrick J. Araguel, Jr., Ralph Greil, Douglas D. Salyers*, for appellant.
*James A. Elkins, Jr.*, for appellee.