## 73126. COMMERCIAL ARTSERVICES, INC. v. BUCHTAL CORPORATION, U.S.A.
### (348 SE2d 768)

Deen, Presiding Judge.

Appellee/counterclaimant Buchtal Corporation, U.S.A. (Buchtal), contracted with appellant Commercial Artservices, Inc. (Commercial), to prepare a quantity of kits showing color samples of glazed and unglazed tile products for distribution to Buchtal's clients, primarily architects. The contract included such items as specifications, numbers, prices, delivery schedules, and payment schedules, and a one-time development fee to cover the necessary art work and related items. According to the record, the payments were made as agreed. At one point in the performance of the contract Buchtal requested the addition of two pages to the ten-page brochure originally contracted for, and an extra charge was billed for this work and apparently paid. When the components of the sample kits were delivered, Buchtal rejected certain parts as defective, on the basis that the color reproduction was inaccurate, thereby rendering the kits unsuitable for the purpose for which they were designed. Commercial replaced the allegedly defective items and billed Buchtal something over $19,000 for associated additional costs. Buchtal refused to pay, and Commercial then refused to release the art work and color separations for which Buchtal had allegedly already paid in excess of $9,000 in development costs. Buchtal engaged another firm to replace the art work retained by Commercial.

Commercial filed a suit on account for the $19,000, and Buchtal counterclaimed for breach of contract, conversion, and violation of Buchtal's right to possession of personalty (the art work and related items). Commercial amended its complaint to allege stubborn litigiousness, and the case went to trial before a jury. A large volume of evidence was presented by both sides, and the jury found for Buchtal in the amount of $3,000. Commercial moved for new trial on the bases that the verdict was "not supported by any evidence" and that Buchtal had "failed to prove all of the elements necessary for the jury to calculate damages to a reasonable certainty." The trial court denied the motion, remarking *obiter* that had she been a juror, she might not necessarily have agreed with the verdict. The court's order denying the motion recites, however, that the verdict was not "so grossly against the weight of the evidence that it could not be found to be a reasonable and sustainable verdict." On appeal Commercial enumerates as error the trial court's failure to exercise her discretion so as to order a new trial, the failure of defendant/appellee to prove the value of the items allegedly converted, and the failure to prove all the elements necessary to enable a jury to calculate damages. *Held*:

We have reviewed the record and found the evidence sufficient to

support the verdict. Moreover, we find no error of law or abuse of discretion that would justify reversing the judgment below. "The grant or denial of a motion for new trial . . . is a matter within the sound discretion of the trial court and will not be disturbed . . . if there is 'any evidence' to authorize it." *Associated Software &c. v. Wysocki*, 177 Ga. App. 135, 137 (338 SE2d 679) (1985).

The motion for damages for a frivolous appeal is hereby denied. *Judgment affirmed. Benham and Beasley, JJ., concur.*

DECIDED SEPTEMBER 16, 1986.

*Patricia A. Hoin, T. Gordon Lamb*, for appellant.
*Gregory R. Crochet, David G. Russell*, for appellee.