## 74879. BEAL v. BRAUNECKER.
### (364 SE2d 308)

SOGNIER, Judge.

Harvey Beal brought suit against Peter Braunecker seeking $6,200 in actual damages, as well as sums for pain and suffering and exemplary damages, for injuries Beal incurred in an automobile collision. In a special verdict, the jury awarded Beal $5,600 in damages but specifically found that no aggravating circumstances existed in the act or intention. Beal appeals.

The evidence adduced at trial shows that appellee, driving an Olds Cutlass, was in the center turn-only lane proceeding to turn left in front of appellant's on-coming jeep. The evidence conflicts whether appellee stopped with the front end of the vehicle protruding into appellant's lane prior to appellant's arrival at the interception point or whether appellee turned his automobile into appellant's lane just as appellant neared. The front left tire of appellant's jeep collided with the left front bumper of appellee's Cutlass with the result that appellant broke his left clavicle, among other injuries. Evidence was introduced that appellee was operating the Cutlass while under the influence of alcohol, his blood alcohol registering as .28 percent on the breath analysis test administered to him by the police officer investigating the accident. Evidence was also adduced at trial that the shoulder appellant broke in the collision had been injured in incidents both prior to and after the collision in question.

1. Appellant contends the trial court erred by failing to give his Request to Charge Number 9, taken from language in *Moore v. Thompson*, 255 Ga. 236 (336 SE2d 749) (1985), that "[e]vidence that the defendant's driving under the influence of alcohol caused the plaintiff's injuries is evidence of willful misconduct, wantonness, and that entire want of care which raises the presumption of conscious indifference to the consequences. Therefore, driving under the influence of alcohol so as to cause personal injuries to another is an aggravating circumstance in the act which would authorize the jury to give punitive damages to deter the wrongdoer from repeating the act." Id. at 237.

Appellant argues that this language in *Moore* stands for the proposition that, upon a determination by the jury that the defendant's driving under the influence of alcohol caused the plaintiff's injuries, the jury *must* find as a matter of law that aggravating circumstances exist. We do not agree.

In *Ransone v. Christian*, 49 Ga. 491 (1873), the Supreme Court reversed the jury verdict and judgment thereon because the trial court charged the jury it *must* consider a certain set of facts to be a circumstance of aggravation. The basis for this reversal was the Supreme Court's recognition that whether or not the facts of the case shall have the effect of aggravating circumstances so as to support an award of punitive damages is a question for the jury, and not the court. "[I]t is for the jury to say whether there are circumstances of aggravation; that is, whether the admitted facts are of such a character as to constitute matter requiring punitive damages." Id. at 504. See also *Townsend &c. Enterprises v. W. R. Bean & Son*, 117 Ga. App. 109, 113 (6) (159 SE2d 776) (1968); *Bonds v. Powl*, 140 Ga. App. 140, 142 (2) (230 SE2d 133) (1976); *Mr. Transmission v. Thompson*, 173 Ga. App. 773, 775 (328 SE2d 397) (1985).

*Ransone* was not implicitly overruled in *Moore* because the Supreme Court in *Moore* did not purport to remove from the jury's determination the question whether the evidence as admitted gives rise to aggravating circumstances. As the Supreme Court stressed in *Moore*, "it should be noted that we are dealing here with the admission of evidence on the issue of punitive damages." Id. at 237. Thus, when appellant's interpretation of the above-cited language in *Moore* is read in context with the opinion as a whole, it is apparent that rather than mandating a jury find that aggravating circumstances exist whenever a defendant's driving under the influence of alcohol caused the plaintiff's injuries, as asserted by appellant, the Supreme Court instead was reiterating that unjustified, intoxicated driving when it causes personal injuries to another *is evidence of* aggravating circumstances. As such, it is evidence admissible at trial.

The trial court charged the jury that should they find the defend-

ant was driving while intoxicated and that a causal connection existed between that intoxication and the plaintiff's injuries, then the defendant's driving under the influence could be considered by the jury as evidence, along with all the other evidence, when they deliberated on whether or not aggravating circumstances existed. Although a determination that appellee's driving under the influence of alcohol caused appellant's injuries would support a finding that aggravating circumstances existed, the trial court did not err by refusing to instruct the jury that they *must* find such aggravating circumstances existed. Compare *Ransone*, supra at 505. The charge given by the trial court was not in conflict with *Moore* and avoided the confusion, as demonstrated by appellant's argument on appeal, that a use of the precise language in *Moore* might have created. "Even though language used by an appellate court in a decision may embody sound law, it is not always appropriate to employ such language in instructing the jury. Such an instruction may be helpful in explaining a principle of law but ambiguous to a jury." *Davis v. Cincinnati Ins. Co.*, 160 Ga. App. 813, 815 (288 SE2d 233) (1982). Accordingly, the trial court did not err by refusing to instruct the jury as to appellant's requested charge.

2. Appellant contends the trial court erred by excluding evidence regarding appellee's three charges for driving under the influence of alcohol and the dispositions thereof which occurred prior to the incident in question. The record, perfected by appellant, reveals that the dispositions of the three charges resulted in one plea of nolo contendere to driving under the influence, one plea of nolo contendere to public drunkenness and one plea of guilty to public drunkenness. Appellant argues that under *Moore*, supra, the trial court should have admitted this evidence and bifurcated the trial so as to try the issue of punitive damages separately from the issue of liability. We note that appellant sought to introduce this evidence solely on the issue of punitive damages rather than for impeachment purposes, see *Tilley v. Page*, 181 Ga. App. 98, 99-100 (4) (351 SE2d 464) (1986), or on the issue of liability for which the rule remains that proof of defendant's prior driving record or evidence of defendant's similar acts or omissions on other and different occasions is inadmissible. See *Whidby v. Columbine Carrier*, 182 Ga. App. 638-639 (1) (356 SE2d 709) (1987); see also *Moore*, supra at 237.

In *Moore*, the Supreme Court held that evidence of defendant's guilty pleas to driving under the influence before and after the incident in question is admissible on the issue of punitive damages. Id. at 237. Although appellant's evidence did contain one plea of guilty, it was to the offense of public drunkenness. This evidence, along with the evidence regarding appellee's nolo contendere plea to the same offense, was not relevant as to the issue of appellee's unjustified intoxicated driving and the trial court did not abuse its discretion by

refusing to admit it. See generally *Georgia American Ins. Co. v. Varnum,* 179 Ga. App. 195, 197 (2) (345 SE2d 863) (1986). As to appellee's nolo contendere plea to driving under the influence, OCGA § 17-7-95 (c) provides: "Except as otherwise provided by law, a plea of nolo contendere shall not be used against the defendant in any other court or proceedings as an admission of guilt or otherwise or for any purpose. . . ." We are not persuaded by appellant's policy arguments that we should ignore the plain language of this statute. Thus, the trial court did not err by excluding this evidence and it follows that the trial court's refusal to bifurcate the trial was not error.

3. Appellant argues the trial court erred by not granting his motion for a new trial on the ground that the verdict was inadequate as a matter of law in that the amount awarded was approximately $600 less than appellant's actual damages. Appellant cites *Tallent v. McKelvey,* 105 Ga. App. 660, 662 (3) (125 SE2d 65) (1962) and *Brooks v. Williams,* 127 Ga. App. 311, 313 (2) (193 SE2d 231) (1972), which set forth the rule that "on the general grounds of a motion for new trial, where the verdict is in an amount not supported by the evidence, and where there is no legal justification for reducing it as against a plaintiff who cannot have been guilty of comparative negligence or in some other manner contributed to her own misfortune, a new trial must be granted. [Cits.]" *Brooks,* supra. Appellant contends that rule is applicable here thereby requiring the grant of his motion for new trial. We do not agree.

In addition to evidence indicating that prior and subsequent injuries aggravated the harm to appellant's left shoulder, there was evidence that appellant observed appellee's vehicle, with its headlights on and its left turn indicator operating, while 200 feet away, and saw appellee attempt to cross the line of traffic in front of appellant's car. Although the evidence was conflicting whether the front of appellee's vehicle was already protruding into appellant's lane at the time appellant approached, appellant testified he noticed that the traffic ahead of him had slowed down ten miles an hour in reaction to appellee's vehicle in the turn-only lane. This evidence presented a question for the jury to decide whether appellant's behavior constituted negligence by failing to act so as to avoid the consequences of the active negligence of appellee, see *Buice v. Atlanta Transit System,* 105 Ga. App. 795, 797 (125 SE2d 795) (1962), and thus *Tallent* and *Brooks,* supra, are distinguishable in that there existed no evidence that the plaintiffs therein contributed to their own misfortunes through comparative negligence or otherwise. "When the rule concerning comparative negligence is involved in a case, the verdict of the jury cannot be set aside on the ground that the amount of the damages awarded is inadequate. [Cits.]" *Powers v. Pate,* 107 Ga. App. 25, 27 (1) (129 SE2d 193) (1962). The trial court did not err by denying appellant's motion

for new trial on this ground. See *Wright v. Satilla Rural Elec. Co-op.*, 179 Ga. App. 230, 232 (345 SE2d 892) (1986).

4. Appellant contends the trial court erred by charging the jury on comparative negligence and the last clear chance doctrine. It is well established that a charge is proper if there is any evidence, however slight, on which to predicate it. *Cale v. Jones*, 176 Ga. App. 865, 868 (4) (338 SE2d 68) (1985). In view of the evidence set forth in Division 3, there was no error in the giving of the charges of which complaint is made.

5. Appellant enumerates as error the giving of the following charge: "I charge you that a loss of earnings can be recovered only if such loss is free from uncertainty and speculation. In order for the loss of pay to be recoverable it must be necessary for the plaintiff to prove that such work has been available to him. That he would have performed such work, and further, that such loss of earnings would not have occurred but for the injury. In other words, it is necessary for the plaintiff to prove first that he suffered a loss in a definite amount, and second, that the loss would not have occurred had he not been injured. Should the plaintiff fail to offer such proof he would not be entitled to recover for loss of earnings."

We do not agree with appellant that the giving of this charge constituted reversible error. Lost wages and earnings cannot be recovered if the evidence permits the jury to no more than speculate or guess as to the amount of the loss. See *Rosser v. Atlanta Coca-Cola &c. Co.*, 162 Ga. App. 503, 504-505 (1) (291 SE2d 109) (1982), rev'd on other grounds, 250 Ga. 52 (295 SE2d 827) (1982). That part of the charge concerning plaintiff's proof that work had been available and that he would have performed it merely reflects that "there must nevertheless appear some evidence, either direct or circumstantial, tending to show what the plaintiff was capable of earning both before and after the injury." *Hunt v. Williams*, 104 Ga. App. 442, 448 (4) (122 SE2d 149) (1961). Thus, if plaintiff had been unemployed and unable to establish his earning capacity, no recovery of damages for loss of earnings would be allowed. See *Mathis v. Copeland*, 139 Ga. App. 68 (228 SE2d 23) (1976). As to that part of the charge that plaintiff prove he suffered a loss in a "definite amount," although appellant would interpret "definite amount" as meaning an amount precise in its calculated sum, the phrase could also be construed as an amount ascertainable in that it "definitely" exists. "It is not necessary, in considering a charge, to assume a possible, adverse construction." *Green v. Trevena*, 142 Ga. App. 621, 622 (236 SE2d 775) (1977). See also *Radney v. Levine*, 75 Ga. App. 137 (2) (42 SE2d 644) (1947). Furthermore, in the context of the charge as a whole, in which the jury was twice instructed that "reasonable certainty" was the standard used to establish the value of plaintiff's lost earnings and that "some evi-

dence" was all that was required in this matter, see generally *Douglas v. Rinker*, 134 Ga. App. 949, 950 (216 SE2d 629) (1975), the trial court's charge, while arguably ambiguous, did not constitute reversible error. See *Gibson Prods. Co. v. Rowe*, 159 Ga. App. 529, 530-531 (284 SE2d 43) (1981).

6. In his final two enumerations, appellant contends the trial court erred by denying his motion for new trial. No reversible error having been found in the enumerated errors set forth above, and the denial of a motion for new trial on the general grounds being a matter addressed to the discretion of the trial court when, as here, there is some evidence to sustain the verdict, appellant's remaining enumerations are without merit. See generally *Commercial Artservices v. Buchtal Corp.*, 180 Ga. App. 305-306 (348 SE2d 768) (1986).

*Judgment affirmed. Birdsong, C. J., Deen, P. J., and Benham, J., concur. Carley, J., concurs in Divisions 1, 2, 3, 4, and 6 and in the judgment. McMurray, P. J., Banke, P. J., Pope, and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

I respectfully depart from Divisions 1 and 5 of the majority opinion, and Division 6 insofar as it relates to the subjects treated in Divisions 1 and 5.

1. The basis of the prayer for punitive damages was that defendant was operating his vehicle while intoxicated, rendering him less than safe to drive his vehicle, and that his intoxication was willful and wanton. The breath analysis of .28 percent alcohol in his blood was in excess of the .12 which constitutes a violation of OCGA § 40-6-391 (4). The officer who arrived at the scene and administered the breath test also testified defendant smelled of alcohol, was unsteady on his feet and was incoherent so that in his opinion defendant was a less safe driver.

The trial court charged on aggravating circumstances and on how driving under the influence might be a factor as follows: "Should you find from the evidence that the defendant was operating a motor vehicle under the influence of alcohol, and that his so driving contributed to the plaintiff's injuries, then I charge you that any evidence of his driving under the influence of alcohol may be considered by the jury along with all of the other evidence in this case."

Since at least *Hardwick v. Price*, 114 Ga. App. 817, 821 (3) (152 SE2d 905) (1966), this Court and our Supreme Court have consistently held: "[I]t is no longer essential that the court give an instruction in the exact language of a request . . . The requirement of the law is satisfied where the court instructs the jury substantially upon the principles embodied in the request." *Continental Cas. Co. v. Union Camp Corp.*, 230 Ga. 8, 18 (3) (195 SE2d 417) (1973). The key

word is "substantial."

The Supreme Court's language in *Moore v. Thompson*, 255 Ga. 236 (336 SE2d 749) (1985) is clear and unequivocal: unjustified driving under the influence *is*, as a matter of law, an aggravating circumstance. The jury could not find otherwise. The Supreme Court recognized that the legislature has prohibited driving in such condition, so that doing so is contrary to law and therefore against public policy. Evidence of such driving thus establishes "wilful misconduct, wantonness, and that entire want of care which raises the presumption of conscious indifference to the consequences" necessary as a base for the award of punitive damages.

This is not to say that such a finding compels the award of punitive damages. That is the second question. OCGA § 51-12-5 leaves it to the jury to take this aggravating circumstance and award or decline to award punitive damages and, if so, the amount.

The trial court's instructions failed to give due significance to such a finding as an aggravating circumstance. Instead, it relegated a finding of intoxicated driving to the mere status of other evidence which might or might not be regarded by the jury as an aggravating circumstance. The Supreme Court ruling is that driving under the influence alone is sufficient ground to impose punitive damages, and the jury was not so instructed. Hence, it was error to refuse the written request to charge which was apt, correct, pertinent and precisely adjusted to the case. See *Slaughter v. Linder*, 122 Ga. App. 144, 147 (176 SE2d 450) (1970).

2. As to Division 5, plaintiff contends correctly that *Globe Motors v. Noonan*, 106 Ga. App. 486 (127 SE2d 320) (1962), cited as authority for the charge, involves lost profits rather than earnings. Further, the second sentence of the charge and the first clause of the third sentence are not contained in *Globe Motors* and no authority was given for these statements asserted as law.

The prerequisite for determining lost profits and lost earnings are similar in that both are predicated on two crucial factors: proof of the amount and a showing that the loss resulted from the injuries sustained. See *Keplinger v. Cook*, 115 Ga. App. 540, 541 (1) (154 SE2d 765) (1967); *Mathis v. Copeland*, 139 Ga. App. 68, 69 (228 SE2d 23) (1976). But there is a substantial difference with respect to evidence of the amount. To recover for lost profits the damages must be proved definitely, *Globe Motors v. Noonan*, supra at 489, while lost earnings may be recovered if the proof is reasonably certain and not mere speculation or guesswork. *Douglas v. Rinker*, 134 Ga. App. 949, 950 (216 SE2d 629) (1975). The charge given was too restrictive and thus error. Whether it was harmful or not is another matter, which need not be addressed considering the posture of the case.

I am authorized to state that Presiding Judge McMurray, Presid-

ing Judge Banke, and Judge Pope join in this dissent.

DECIDED DECEMBER 4, 1987 —
REHEARING DENIED DECEMBER 18, 1987 —

*Steven D. Harris, Nancy P. Phillips*, for appellant.
*Glenn Frick, Sue K. A. Nichols*, for appellee.